IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | | |
|---|---|---|
| Plaintiff B, Plaintiff J, Plaintiff S, and Plaintiff V, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.  08 C 79 |
| JOSEPH R. FRANCIS, MRA HOLDINGS, LLC, a | ) | |
| California limited liability company; MANTRA | ) | JURY DEMAND |
| FILMS INC., an Oklahoma corporation, d/b/a "Girls | ) | |
| Gone Wild;" AERO FALCONS, LLC, a Delaware | ) | |
| limited liability company. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff B ("PB"), Plaintiff J ("PJ"), Plaintiff S ("PS"), and Plaintiff V ("PV"), by their

attorneys, Duane Morris LLP and Harrison, Sale, McCloy, Thompson, Duncan & Jackson, Chtd.,

complain against Defendants Joseph R. Francis, MRA Holding, LLC, Mantra Films, Inc., and

Aero Falcons, LLC, and allege as follows:

### Jurisdiction and Venue

This is an action for damages in excess of the jurisdictional minimum of this Court and

for injunctive relief.  This Court has jurisdiction under Title 28 U.S.C. § 1332.

Venue is proper in this district under Title 28 U.S.C. § 1391(a)(2), and Title 18 U.S.C. §

1965.

### The Parties

1.      PJ, PS, and PV were at all pertinent times minor children ages 13, 15, and 16,

respectively, and residents of the State of Florida.

2. PB was at all pertinent times a 17 year old minor child and a resident of the State of North Carolina.

3. Defendant MRA Holding, LLC ("MRA") is a California limited liability company which has its principal place of business in California.

4. Defendant Mantra Films, Inc. ("Mantra") is the sole member and manager of MRA, and is an Oklahoma corporation whose principal place of business is in California. Mantra does business as "Girls Gone Wild" ("GGW") and produces and markets videotapes and DVDs ("GGW videos") under that name throughout the world.

5. Defendant Aero Falcons, LLC ("Aero") is a Delaware limited liability company in which Joseph R. Francis is a member and the sole owner. Aero provides GGW aircraft with which GGW conducts its business.

6. Defendant Joseph R. Francis ("Francis") at all pertinent times was an individual residing in the State of Nevada. Francis is the sole owner of Mantra and MRA.

### Background Facts

7. Defendants MRA, Mantra, Aero, Francis, and other unknown individuals are in the business of producing, directing, editing and distributing sexually graphic videotapes of nude women and children engaged in sexual conduct for commercial financial gain.

8. Defendant Francis, as CEO of Mantra, conducts the business of Mantra directly and indirectly through agents, independent contractors, and employees.

9. Defendant Francis as the CEO of Mantra conducts business through the use of vehicles and equipment owned or leased by MRA, Mantra, Aero, and Francis.

10. Among the vehicles and equipment owned or leased directly or indirectly by Mantra are various aircraft, vans, buses, and automobiles (hereinafter "GGW Vehicles"), and computers, cameras, video recorders, video players and duplicators, videotapes, editing

2

equipment, dubbing equipment, audio and video equipment, cell phones and other communication devices, and GGW logo tee shirts and hats (hereinafter "GGW Production Equipment").

11.  Mantra employs, directly or indirectly, as agents, independent contractors, and/or employees, the services of various production personnel including Defendant Francis, and other unknown individuals (hereinafter "Production Personnel"). These individuals travel from state to state for the purpose of promoting, producing, directing, and marketing GGW videos.

12.  These Production Personnel, as well as other Mantra employees, independent contractors, and agents, in the regular course of their employment arrange for the acquisition and interstate transportation of GGW Production Equipment and GGW Vehicles (hereinafter collectively the "GGW Production Materials").

13.  In or about March and April 2000, the Production Personnel traveled interstate to Panama City Beach, Florida for the purpose of producing videos of nude and partially nude females exposing their breasts ("flashing") and/or engaged in sexually explicit conduct for the GGW video series

14.  In or about March 2002, the Production Personnel and GGW Production Materials traveled interstate to Panama City Beach, Florida for the purpose of producing videos of nude and partially nude females flashing and/or engaged in sexually explicit conduct for the GGW video series.

15.  In or about March 2003, the Production Personnel and GGW Production Materials traveled interstate to Panama City Beach, Florida for the purpose of producing videos of nude and partially nude females flashing and/or engaged in sexually explicit conduct for the GGW video series.

16.     To facilitate this video production, motel rooms, condominiums, and/or houses were rented by Defendants in both 2002 and 2003. In 2003, several motel rooms, condominiums, and one or more houses were rented by Mantra employee Ryan Simkin and other agent(s) or employee(s) of Mantra from local real estate rental agents, including: unit number 320 at the Chateau Motel.

17.     During the months of March and April 2002, Francis and other unknown employees and agents of Mantra along with GGW Production Materials, traveled to and from Florida. During the month of March 2003 and up until at least April 4, 2003, Francis and other unknown employees and agents of Mantra, along with GGW Production Materials, traveled to and from Florida via GGW Vehicles including a Gulfstream GII jet plane model number G-1159, serial no. 106, registration no. 141JF, which is owned by Aero, to facilitate the production and distribution of GGW videos.

18.     During the months of March and April 2000, 2002 and 2003, Defendant Francis, and other unknown individuals, individually and as agents, independent contractors, and employees of Mantra, conspired to and did videotape dozens of women and minor girls flashing and/or engaged in sexually explicit conduct for the purpose of marketing their images through the GGW video series for commercial financial gain.

19.     During March and April 2002 and 2003, Defendants and unknown others did duplicate said videotapes and transport them or their content out of the State of Florida by electronic transfer, Federal Express, and other means to be edited and marketed as GGW videos.

20.     Since at least 1998, GGW videos have been and are still being sold throughout the United States and other countries via direct mail advertising on television networks including E!

and Comedy Central; through retail stores including Best Buy, Blockbuster Video and Movie Gallery; and on a GGW internet site on the worldwide web.

21.    As owner, officer, and employee of Defendants MRA, Mantra and Aero, Defendant Francis oversees and controls all aspects of the production and marketing of the GGW video series.

22.    Defendants MRA, Mantra, Aero, and Francis are liable for the tortious acts of unknown GGW representatives as alleged herein under the doctrine of *respondeat superior* in that the tortious acts so alleged were committed during the course of these unknown actors' engagement with Mantra and to further the purpose or interests of Mantra. Defendants MRA, Mantra, Aero, and their owner, Defendant Francis, assisted unknown representatives of GGW as alleged herein in accomplishing their tortious acts by virtue of their relationship and/or by providing them with the GGW Production Materials or other assets which were used to facilitate the commission of the various torts alleged.

23.    The tortious acts alleged herein arise out of the individual acts of the Defendants, as specifically alleged, and as a result of an overall conspiracy of all of them and other unknown GGW representatives as alleged herein, to promote the commercial financial interests of each of them. All tortious acts alleged herein were supported and made possible by said conspiracy through the combined efforts, aid, and assets of each of the Defendants and other unknown representatives of GGW.

24.    This is an action for compensatory and punitive damages against all Defendants in an amount exceeding the sum of $75,000, and for specific injunctive relief as outlined herein.

### Child abuse of PB

25.    PB, at all times pertinent, was a 17 year old high school student and resident of Mississippi. Her date of birth is June 1, 1984.

DM1\1210728.3

26. On or about March 20, 2002, PB and three female friends traveled to Destin, Florida for a spring break vacation.

27. On or about March 22, 2002, PB and her female friends while in Panama City Beach, Florida, were solicited by unknown agents and representatives of GGW with video cameras.

28. Unknown representatives of Defendants further solicited, through the offer of cash payment, PB and the other girls to accompany them to a hotel room to produce videotapes of one or more of them engaged in sexually explicit conduct.

29. Unknown representatives of GGW were informed that PB was under 18 years of age.

30. At the hotel room, representatives of GGW provided alcoholic beverages to PB and her female friends which PB believes included drugs or additional stimulants.

31. Thereafter, unknown representatives of GGW paid PB and one of her minor female friends $100 in U.S. currency to engage in sexually explicit conduct with each other in a bedroom of the hotel room, for the purpose of videotaping the sexual performance for the GGW video series.

32. Representatives of GGW then videotaped said sexual performance with the intent to include it and subsequently did include it in the GGW video series and marketed it for the commercial financial gain of Defendants MRA, Mantra, Aero, and Francis.

33. In so doing, representatives of GGW, as well as Defendants MRA, Mantra, and Francis, conspired to and did unlawfully promote, produce, and direct the sexual performance of PB, a child less than 18 years of age, while knowing the character and content thereof, in that they produced, directed, and promoted a videotape of PB while she was a child.

DM1\1210728.3

34.     PB, a minor child, and a minor female friend were thereby induced, coerced, and directed to engage in sexual conduct including: mutual masturbation and actual physical contact with PB's pubic area, buttocks, genitals, and breasts as defined by § 827.071(1)(g) Florida Statutes.

35.     Unknown representatives of GGW and the Defendants MRA, Mantra, Aero, and Francis did unlawfully, knowing the character and content thereof, employ and induce PB, a child less than 18 years of age, to engage in a sexual performance as defined in § 827.071(2) Florida Statutes.

36.     Their act of promoting and producing the sexual performance of a child, PB, constituted child abuse under § 827.03 and § 827.071(3) Florida Statutes.

37.     In promoting and producing this sexual performance of a child, these GGW representatives were acting within their representative capacity as agents and/or independent contractors of GGW and to further the business interests of Defendants MRA, Mantra, Aero, and Francis.

38.     This child abuse by the unknown representatives of GGW and named Defendants was intentional and could reasonably have been expected to result in physical and mental injury to the child, PB.

39.     Said unlawful conduct did, and will continue to, result in physical and mental injury to PB.

## Count I

### (Action for damages for the intentional infliction of emotional distress upon PB)

40.     Plaintiff B realleges paragraphs 1 through 12, 14, and 16 through 39 as if specifically set forth herein.

7

41. Defendants MRA, Mantra, Aero, and Francis, by and through their employees, agents, aiders and abettors and co-conspirators, on or about March 22, 2002, in a motel in Panama City Beach, Florida, did intentionally inflict emotional distress upon PB by providing alcohol which she believes included drugs or additional stimulants and $100 in U.S. currency to her and a minor female friend to induce and coerce them to engage in a sexual performance wherein PB was subjected to sexual conduct including: mutual masturbation; actual physical contact with her breasts, buttocks, and genitals; and sexual battery, all for the purpose of videotaping such performance for the commercial financial exploitation of her image in the GGW video series.

42. Defendants' conduct in coercing, producing, promoting, directing, and marketing such a sexual performance of a child for the commercial exploitation of her image goes beyond all possible bounds of decency, is atrocious and utterly intolerable in a civilized community.

43. PB has and will continue to suffer mental and physical harm as a result of Defendants' intentional infliction of emotional distress and is, therefore, entitled to compensatory and punitive damages.

44. The injuries so suffered by PB were intentionally, directly, and proximately caused by the wanton, willful, malicious, reckless, and intentional tortious conduct of the Defendants and their representatives.

WHEREFORE, Plaintiff B demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

DM1\1210728.3

## Count II

### (Action for damages for child abuse of coercion of PB into prostitution under and §796.09 Florida Statutes)

45.     Plaintiff B realleges paragraphs 1 through 12, 14, and 16 through 39 as if specifically set forth herein.

46.     Defendants MRA, Mantra, Aero, and Francis, through their unknown aiders, abettors, co-conspirators, employees, agents or representatives of GGW, on or about March 22, 2002, in a hotel in Panama City Beach, Florida, did procure, coerce, and induce PB, a minor child, into prostitution through alcohol which she believes included drugs or additional stimulants and $100 in U.S. currency for PB to give and receive her body for sexual activity, including to wit:  the fondling of her genitalia by another for the purpose of masturbation and vaginal penetration by an object within the meaning of § 796.07 Florida Statutes.

47.     PB has and will continue to suffer mental and physical injury as a result of Defendants procuring and coercing her into prostitution and is, therefore, entitled to compensation and punitive damages under § 796.09 Florida Statutes.

WHEREFORE, Plaintiff B demands judgment for compensatory and punitive damages and further relief as this Court deems just and proper.

## Count III

### (Action for damages for the sexual exploitation of PB under Title U.S.C. § 2251)

48.     Plaintiff B realleges paragraphs 1 through 12, 14, and 16 through 39 as if specifically set forth herein.

49.     Unknown representatives of GGW individually and as aiders, abettors, co-conspirators, agents and employees of Defendants MRA, Mantra, Aero, and Francis, on or about March 22, 2002, in a hotel in Panama City Beach, Florida, employed, used, persuaded, induced,

enticed, or coerced PB, a minor child, with the intent that such minor child engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct knowing such depiction would be transported in interstate or foreign commerce, to wit: Defendants by and through representatives of GGW did give PB alcohol which she believes included drugs or additional stimulants and $100 in U.S. currency to masturbate and lasciviously exhibit her genitals and pubic area within the meaning of Title 18 U.S.C. § 2256(2)(C) and (E).

50. At no time did any representative of GGW ascertain by examination of an identification document the name or date of birth of PB as required by Title 18 U.S.C. § 2257.

51. A videotape of this sexually explicit conduct involving PB and her minor female friend was produced by Defendants using materials which had been transported interstate including the GGW Production Materials and said videotaped visual depiction was subsequently transported for use in the GGW video series, all in violation of Title 18 U.S.C. § 2251(a) and § 2252(a)(1) and (a)(3)(B).

52. PB has suffered, and will continue to suffer, mental and physical injuries as a result of those violations of federal law and is, therefore, entitled to actual damages of a minimum of $150,000 and the cost of the suit, including reasonable attorneys' fees, under Title 18 U.S.C. § 2255(a).

WHEREFORE, Plaintiff B demands judgment for actual damages of at least $150,000, plus the cost of this lawsuit, including reasonable attorneys' fees.

## Count IV

### (Action for damages for battery upon PV)

53. PV realleges paragraphs 1 through 12, 15 through 16, and 18 through 24 as if specifically set forth herein.

DM1\1210728.3

54. PV, at all pertinent times relevant to this complaint, was a 16 year old high school student and resident of Panama City Beach, Florida. Her date of birth is April 2, 1986.

55. On March 31, 2003, four minor girls and PV were driving down Front Beach Road in Panama City Beach, Florida, when they were solicited by GGW representatives, driving in a GGW logo van, to flash to be videotaped for the GGW video series.

56. GGW representatives solicited, through the offer of cash payment, the four minor girls and PV to accompany him and other unknown representatives of GGW to unit 320 of the Chateau Motel to produce videotapes of one or more of them engaged in a sexual performance.

57. Unit 320 of the Chateau Motel had been rented by GGW representatives for the purpose of producing videotapes of women and minor girls flashing and engaging in sexually explicit conduct for the GGW video series.

58. While in unit 320 of the Chateau Motel, the minor girls and PV were joined by Defendant Francis and other unknown representatives of GGW.

59. Defendant Francis was informed by the minor girls and PV that they were all under 18 years of age.

60. While in unit 320 of the Chateau Motel, Defendant Francis took PV and another minor 16 year old girl into a bedroom while GGW representatives were filming two of her minor friends engaged in sexual conduct in the shower of that same unit.

61. Defendant Francis did then and there grab the hands of PV and the other minor 16 year old girl and forced said children, against their will, to touch his exposed genitalia.

62. Defendant Francis thereafter paid PV and the other minor girl each $50 in U.S. currency to masturbate him.

DM1\1210728.3

63.	PV has and will continue to suffer mental and physical harm as a result of the battery of Defendant Francis.

64.	Defendants MRA, Manta, and Aero are jointly and severally liable for the battery of PV as said Defendants collectively combined and conspired to lure PV into unit 320 of the Chateau Motel for the purpose of promoting the sexual performances of minors.

65.	Defendant Francis was, at the time and place of the battery, acting within the scope of his employment in the production of the GGW video series.

66.	The battery upon PV and the other minor girl furthered the interests of all said co-conspirators, by assisting in the recruitment of PV to later expose her breasts to be videotaped for the GGW video series.

67.	The injuries suffered by PV as a result of the battery were intentionally, directly, and proximately caused by the wanton, willful, malicious, reckless, and intentional tortious conduct of the Defendants.

WHEREFORE, PV demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count V

### (Action for damages for the intentional infliction of emotional distress upon PV)

68.	PV realleges paragraphs 1 through 12, 15 through 16, 18 through 24, and 54 through 67 as if specifically set forth herein.

69.	After Defendant Francis had forced, coerced, and induced PV and her minor friend, minor children, to masturbate him, Defendant Francis and other GGW representatives coerced, cajoled, and harassed PV until she exposed her breasts for the GGW series.

DM1\1210728.3

70.     Defendant Francis' and GGW representatives' conduct of coercing, cajoling, and harassing the minor child PV until she exposed her breasts for their commercial gain from the GGW series goes beyond all possible bounds of decency, is atrocious, and utterly intolerable in a civilized community.

71.     Defendant Francis' conduct of forcing, coercing and inducing PV and the other minor girl, minor children, to masturbate him goes beyond all possible bounds of decency, is atrocious, and utterly intolerable in a civilized community.

72.     PV has and will continue to suffer severe mental and physical harm as a result of Defendants' intentional infliction of emotional distress and is, therefore, entitled to compensatory and punitive damages.

73.     The injuries suffered by PV were intentionally, directly, and proximately caused by the wanton, willful, malicious, reckless, and intentional tortious conduct of the Defendants.

WHEREFORE, PV demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

### Count VI

### (Action for damages for the child abuse of coercion of PV into prostitution under § 796.09 Florida Statutes)

74.     PV realleges paragraphs 1 through 12, 15 through 16, 18 through 24, and 54 through 67 as if specifically set forth herein.

75.     Defendant Francis individually and as aided and abetted by, and co-conspirator, agent and employee of, MRA, Mantra and Aero, on March 31, 2003, in unit 320 of the Chateau Motel, did procure, coerce, and induce PV, a minor child, into prostitution through the payment of $50 in U.S. currency to PV to give and receive her body for sexual activity, to wit:  the masturbation of Defendant Francis within the meaning of § 796.07 and § 796.09 Florida Statutes.

13

76.     PV has and will continue to suffer mental and physical injury as a result of the Defendants procuring and coercing her into prostitution and is, therefore, entitled to compensatory and punitive damages under § 796.09 Florida Statutes.

WHEREFORE, PV demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count VII

### (Action for damages for the intentional infliction of emotional distress upon PJ)

77.     PJ realleges paragraphs 1 through 13, 18, and 20 through 24 as if specifically set forth herein.

78.     PJ, at all times pertinent, was a 13 year old grammar school student and resident of Florida. Her date of birth is April 16, 1986.

79.     In or around March/April 2000, PJ, along with PJ's 13 year old grammar school classmate, her 15 year old sister PS, and their 16 year old sister, were driving in Panama City Beach, Florida.

80.     In or around March/April 2000, Defendants MRA, Mantra, Aero, and Francis, by and through unknown agents of GGW, acting as Defendants' aiders, abettors, co-conspirators, agents and employees, solicited PJ, PS, and their 13 year old friend to expose their breasts.

81.     At no time did the unknown GGW agent ask any of the children how old they were.

82.     At no time did the unknown GGW agent ask the children for identification to prove age.

83.     At no time did the unknown GGW agent tell the children that the footage was going to be used in the commercial GGW series and publicized worldwide.

14

84. In spite of the fact that the GGW agent did not know how old the children were, the unknown GGW agent persuaded PJ to expose her breasts in a public place and to be videotaped for the commercial financial world wide exploitation of her image by Defendants.

85. Defendant Francis and the GGW series published 13 year old PJ's image in a video entitled, "Girls Gone Wild College Girls Exposed/Sexy Sorority Sweethearts," and distributed this video worldwide.

86. Defendants' conduct of persuading PJ, a 13 year old child, to expose her breasts in a public place for the purpose of videotaping and commercial exploitation of her image goes beyond all bounds of decency, is atrocious and utterly intolerable in a civilized community.

87. Defendants' conduct of publishing the image of PJ, a 13 year old child, exposing her breasts in a public place for the purpose of the commercial exploitation of her image goes beyond all bounds of decency, is atrocious and utterly intolerable in a civilized community.

88. PJ has and will continue to suffer severe mental and physical harm as a result of Defendants' intentional infliction of emotional distress and is, therefore, entitled to compensatory and punitive damages.

89. The injuries suffered by PJ were intentionally, directly, and proximately caused by the wanton, willful, malicious, reckless, and intentional tortious conduct of the Defendants.

WHEREFORE, PJ demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count VIII

### (Action for damages for the intentional infliction of emotional distress upon PS)

90. PS, realleges paragraphs 1 through 13, 18, and 20 through 24 as if specifically set forth herein.

DM1\1210728.3

91.     PS, at all times pertinent, was a 15 year old high school student and resident of Florida. Her date of birth is September 1, 1984.

92.     In or around March/April 2000, PS, along with PJ's 13 year old grammar school classmate, PS' 13 year old sister PJ, and their 16 year old sister, were driving in Panama City Beach, Florida.

93.     In or around March/April 2000, Defendants MRA, Mantra, Aero, and Francis, by and through unknown agents of GGW, acting as Defendants' aiders, abettors, co-conspirators, agents and employees, solicited PJ, PS, and PJ's 13 year grammar school classmate to expose their breasts.

94.     At no time did the unknown GGW agent ask any of the children how old they were.

95.     At no time did the unknown GGW agent ask the children for identification to prove age.

96.     At no time did the unknown GGW agent tell the children that the footage was going to be used in the commercial GGW series and publicized worldwide.

97.     In spite of the fact that the GGW agent did not know how old the children were, the unknown GGW agent persuaded PS to expose her breasts in a public place and to be videotaped for the commercial financial world wide exploitation of her image by Defendants.

98.     Defendants Mantra, MRA, Aero, and Francis then published 15 year old PS's image in a video entitled, "Girls Gone Wild College Girls Exposed/Sexy Sorority Sweethearts" and distributed this video worldwide.

DM1\1210728.3

99.     Defendants' conduct of publishing the image of PS, a 15 year old child, exposing

her breasts in a public place for the purpose of commercial exploitation of her image goes

beyond all bounds of decency, is atrocious, and utterly intolerable in a civilized community.

100.     PS has suffered and will continue to suffer severe mental and physical harm as a

result of Defendants' intentional infliction of emotional distress and is, therefore, entitled to

compensatory and punitive damages.

101.     The injuries suffered by PS were intentionally, directly, and proximately caused

by the wanton, willful, malicious, reckless, and intentional tortious conduct of the Defendants.

WHEREFORE, PS demands judgment for compensatory and punitive damages, costs and

further relief as this Court deems just and proper.

## Count IX

### (Action for damages and injunctive relief under Chapter 772 Florida Statutes)

102.     Plaintiffs reallege paragraphs 1 through 39, 54 through 67, 69, 78 through 85, and

91 through 98 as if specifically set forth herein.

103.     Defendants MRA, Aero, and Francis were employed by, associated with, and

conspired with each other and the enterprise Mantra to engage in a pattern of criminal activities

that have the same or similar intents, results, accomplices, victims and methods of commission,

and are not isolated incidents.

104.     The criminal activity engaged in by the said Defendants individually and as

aiders, abettors and co-conspirators of each other and the enterprise Mantra, was as described in

paragraphs enumerated above and summarized in part as follows:

      a.     Defendants MRA, Mantra, Aero, and Francis, on or about March 22,
2002, in Panama City Beach, Florida, did unlawfully promote a sexual performance by
PB, a child less than 18 years of age, while knowing the character and content thereof in
that they produced, directed or promoted a motion picture, photograph, or other video
recording of said child while the child was engaged in "sexual conduct" as defined in §

17

827.071(1)(g), Florida Statutes, or did aid and abet in same, in violation of §§ 777.011 and 827.071(3) Florida Statutes.

      b.    Defendants MRA, Mantra, Aero, and Francis, on or about March 22, 2002, in Panama City Beach, Florida, did unlawfully, knowing the character and content thereof, employ, authorize, or induce PB, a child less than 18 years of age to engage in a sexual performance, in violation of §§ 777.011 and 827.071 (2) Florida Statutes.

      c.    Defendants MRA, Mantra, Aero, and Francis, on or about March 22, 2002, in Panama City Beach, Florida, did unlawfully procure for prostitution, or cause to be prostituted, PB, a person under the age of 18 years, or did aid and abet in same, in violation of §§ 777.011 and 796.03 Florida Statutes.

      d.    Defendants MRA, Mantra, Aero, and Francis, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully solicit into for prostitution, or cause to be prostituted, PV, a person under the age of 18 years, or did aid and abet in same, in violation of §§ 777.011 and 796.07 Florida Statutes.

105.    The incidents of criminal activity alleged are part of a "pattern of criminal activity" and are connected together by a common intent, common participants, co-conspirators, accomplices, victims, and methods of commission, as alleged in Counts I through V of this complaint. The Defendants are a criminal enterprise which has engaged in the pattern of criminal activities alleged herein, as well as other yet unknown similar activities, as a matter of routine business practice over an extended period through the actions, assets and assistance of the Defendants and has preyed upon and victimized many children including the Plaintiffs here.

106.    The pattern of criminal activity alleged herein indicates an ongoing criminal enterprise of sufficient scope to pose a special threat to the social well being of the public.

107.    Defendants' pattern of criminal activity has directly and proximately resulted in physical, mental, and financial injury, in the form of lost job and educational opportunities to PB, PJ, PS, and PV.

108.    PJ has suffered and will also continue to suffer physical, mental, and financial harm as a result of the alleged violation of Chapter 772 Florida Statutes in that it was the name, celebrity reputation of the GGW video series, employees, and GGW Production Materials of the

Defendants' criminal enterprise, which were used to exploit PJ. PJ is, therefore, entitled to the recovery of damages under Chapter 772 Florida Statutes.

109.    PS has suffered and will also continue to suffer physical, mental, and financial harm as a result of the alleged violation of Chapter 772 Florida Statutes in that it was the name, celebrity reputation of the GGW video series, employees, and GGW Production Materials of the Defendants' criminal enterprise, which were used to exploit PS. PS is, therefore, entitled to the recovery of damages under Chapter 772 Florida Statutes.

110.    PJ and PS have suffered and will continue to suffer financial harm from the unauthorized commercial exploitation of her image including but not limited to the proceeds from the sale of the GGW video "Girls Gone Wild College Girls Exposed/Sexy Sorority Sweethearts." PJ and PS, therefore, are entitled to the recovery of damages under Chapter 772 Florida Statutes.

111.    PB has suffered and will continue to suffer financial harm from the unauthorized commercial exploitation of her image including but not limited to the proceeds from the sale of the GGW video "Ultimate Spring Break Volume 3" and "Ultimate Spring Break Volume 4." PB is, therefore, entitled to the recovery of damages under Chapter 772 Florida Statutes.

112.    PB, PV, PJ, and PS have and will continue to be physically, mentally, and financially injured by reason of Defendants' violation of § 772.103 Florida Statutes.

WHEREFORE, Plaintiffs individually demand damages in the amount of threefold the damages sustained by each plus the cost of this suit, including reasonable attorneys' fees and injunctive relief.

DM1\1210728.3

## Count X

### (Action For Federal RICO Action for Damages and Injunctive Relief Under Title 18 U.S.C. § 1962 and § 1964)

113.    Plaintiffs reallege paragraphs 1 through 39, 54 through 67, 69, 78 through 85, and 91 through 98 as if specifically set forth herein.

114.    Venue is proper under Title 18 U.S.C. § 1965(a) as Defendants transact their business in this district.

115.    Defendants Francis, MRA, Mantra, and Aero, individually and as co-conspirators with each other, being employed by and associated with an enterprise engaged in interstate commerce, did conduct and participate, directly and indirectly, in the conduct of said enterprise's affairs through a pattern of racketeering activity in violation of Title 18 U.S.C. § 1962(c) and (d).

116.    Defendants Francis, MRA, Mantra, and Aero, did participate in the conduct of Mantra's affairs through a pattern of racketeering activity including the following incidents:

      a.    Defendants Francis, MRA, Mantra, and Aero did create, promote and produce videotapes of minor child PB engaged in sexually explicit conduct in violation of Title 18 U.S.C. § 2251 and § 2252.

      b.    Defendants Francis, MRA, Mantra, and Aero did unlawfully and knowingly have in their custody or control with intent to sell videotapes of PB which Defendants had promoted, produced, and manufactured in violation of §§ 777.011 and § 847.011(1)(a) Florida Statutes.

      c.    Defendants Francis, MRA, Mantra, and Aero knowingly used the mail for the mailing and delivery of the images of PB constituting mailing of obscene matter in violation of 18 U.S.C. §1461.

      d.    Defendants Francis, MRA, Mantra, and Aero knowingly used an express company or other common carrier, or an interactive computer service, to carry in interstate or foreign commerce the images of PB constituting obscene motion-pictures in violation of 18 U.S.C. §1462.

      e.    Defendants Francis, MRA, Mantra, and Aero engaged in the business of selling or transferring obscene matter because Defendants devoted time, attention, and labor to transferring and offering to sell obscene matter, the images of PB, as a regular

course of the GGW business with the objective of earning profit in violation of 18 U.S.C. §1466.

f.     Defendants Francis, MRA, Mantra, and Aero, knowing they received obscene material, the images of PB, with the intent to distribute these images, which had been shipped or transported in interstate commerce in violation of 18 U.S.C. §1466.

117.    The incidents of racketeering activity alleged are part of a pattern of racketeering criminal activity and are connected together by a common scheme, common participants, and co-conspirators, and a common motive as alleged in Counts I through XIII of this complaint. Defendants are a criminal enterprise which has engaged in the racketeering activities alleged herein, as well as other yet unknown similar activities, as a matter of routine business practice over an extended period through the actions, assets, and assistance of the Defendants and has preyed upon and victimized many children including the Plaintiffs here.

118.    The pattern of racketeering activity alleged herein indicates an ongoing criminal enterprise of sufficient scope to pose a special threat to the social well being of the public.

119.    Defendants' pattern of racketeering activity has directly and proximately resulted in physical, mental, and financial injury, in the form of lost job and educational opportunities to PB, PJ, PS and PV which entitles them to the recovery of damages under Title 18 U.S.C. § 1964(c).

120.    PJ has and will continue to suffer physical, mental, and financial harm as a result of the alleged violation of Title 18 U.S.C. § 1962, in that the GGW video series, employees, and GGW Production Materials of the criminal enterprise lured 13 year old PJ into publicly exposing her breasts so that the video image of same could be exploited for the commercial financial gain of the racketeering enterprise and its aiders, abettors, employees, agents, and co-conspirators. PJ is, therefore, entitled to the recovery of damages under Title 18 U.S.C. § 1964(c).

21

121.     PS has suffered and will continue to suffer physical, mental, and financial harm as a result of the alleged violation of Title 18 U.S.C. § 1962, in that the GGW video series, employees, and GGW Production Materials of the criminal enterprise lured 15 year old PS into publicly exposing her breasts so that the video image of same could be exploited for the commercial financial gain of the racketeering enterprise and its aiders, abettors, employees, agents, and co-conspirators.  PS is, therefore, entitled to the recovery of damages under Title 18 U.S.C. § 1964(c).

122.     PV has suffered and will continue to suffer physical, mental, and financial harm as a result of the alleged violation of Title 18 U.S.C. § 1962, in that it was the name, celebrity reputation of the GGW video series, employees, and GGW Production Materials of the criminal enterprise which were used to lure PV into Unit 320 of the Chateau Motel where she was sexually assaulted by Francis, and coerced into publicly flashing for the GGW series.  PV is, therefore, entitled to the recovery of damages under Title 18 U.S.C. § 1964(c).

123.     PB has suffered and will continue to suffer financial harm from the unauthorized commercial exploitation of her image including but not limited to the proceeds from the sale of the GGW video "Ultimate Spring Break Volume 3" and "Ultimate Spring Break, Volume 4." PB is, therefore, entitled to the recovery of damages under Title 18 U.S.C. § 1964(c).

WHEREFORE, Plaintiffs pray this Court to prevent and restrain further violations of Title 18 U.S.C. § 1962 by these Defendants through the issuance of appropriate orders under Title 18 U.S.C. § 1964(a), including:

a.      Ordering that Francis divest himself of any interest, direct or indirect, in the Defendants MRA, Mantra, and Aero.

b.      Ordering that Defendants MRA, Mantra, Aero, Francis, be prohibited from engaging or investing in any future activities involving the commercial exploitation of female images for commercial financial gain, including the GGW video series.

DM1\1210728.3

c.     Ordering that MRA, Mantra, and Aero be dissolved.

d.     Ordering the Defendants to surrender to this court any and all videotapes, DVDs, film, photographs or other visual material or depictions for which Defendants did not obtain and/or do not maintain individually identifiable age and identification records in compliance with 18 U.S.C. § 2257.

e.     Ordering Defendants to pay Plaintiffs threefold the damages sustained by each plus the costs of this suit including reasonable attorneys' fees, and other relief which this court finds just.

s/Larry Selander
Larry Selander
Daniel Small
Thomas G. Dent
Rachael G. Pontikes
Duane Morris LLP
227 West Monroe Street, Suite 3400
Chicago, IL 60606
(312) 499-6700
Fax: (312) 499-6701

and

D. Ross McCloy, Jr.
Robert A. Fleming
Harrison, Sale, McCloy, Thompson
   Duncan & Jackson, Chtd.
Florida Bar No. 0262943
Post Office Drawer 1579
Panama City, FL 32402
(850) 769-3434
Fax: (850) 769-6121

ATTORNEYS FOR PB, PJ, PS, and PV

DM1\1210728.3