IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

Plaintiff B, Plaintiff J, Plaintiff S, and Plaintiff V, )
on behalf of themselves and all others similarly )
situated, )
)
)
Plaintiffs, )
)
v. ) Case No. 5:08cv79-RS-AK
)
JOSEPH R. FRANCIS; MRA HOLDINGS, LLC, )
a California limited liability company; MANTRA )
FILMS INC., an Oklahoma corporation, d/b/a )
"Girls Gone Wild;" and AERO FALCONS, LLC, )
a Delaware limited liability company. )
)
Defendants. )

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE DENIAL OF THEIR MOTION TO COMPEL AND FOR SANCTIONS

Plaintiffs B, J, S, and V move this Court to reconsider Magistrate Judge Allan Kornblum's denial of Plaintiffs' Motion to Compel and for Sanctions. In support of their motion to reconsider, Plaintiffs state:

1. On November 6, 2008, Magistrate Judge Allan Kornblum denied Plaintiffs' motion to compel Defendants to respond to their discovery and for sanctions. The discovery was due on October 8, 2008. To date, Defendants have failed to produce a single document, respond to a single interrogatory, or file a motion for relief from these obligations. As the record currently stands, there is no other date set by which Defendants are required to respond to Plaintiffs' discovery requests.

2. Plaintiffs believe the Magistrate Judge denied Plaintiffs' motion because of a misunderstanding that Plaintiffs had agreed to give Defendants additional time to respond when

DM1\1430629.4

Defendants changed counsel. (November 6, 2008 Order, attached as Exhibit A). However, Plaintiffs did not agree to give Defendants any such additional time to respond to Plaintiffs' discovery requests.

3. Defendants have stalled discovery from the inception of this matter. Defendants' initial lawyer refused to conduct a 26(f) conference (and begin discovery) because he had an unresolved conflict with his clients. On August 28, 2008, the Court held an initial conference and, despite the still unresolved conflict between former defense counsel and his clients which prohibited a 26(f) from occurring and discovery commencing, ordered discovery to begin.

4. During the conference with this Court on August 28, 2008, this Court directed the parties to engage in "complete cooperation in scheduling and the participation in discovery. . . . There will be no 'game playing.'" (August 28, 2008 Initial Conference Minutes, attached as Exhibit B).

5. Defendants are playing games. Despite what Defendants state in their opposition to Plaintiffs' Motion to Compel, Plaintiffs' document requests and interrogatories do *not* require Defendants to know the identities of all the girls who are the lead Plaintiffs in this suit to respond to the document requests and all of the interrogatories.[1]

6. Plaintiffs' document requests ask for general information about the Defendant companies, such as financial information, personnel records, operating, filming and editing procedures, documents that show compliance with 18 U.S.C. § 2257, *etc.* (Plaintiffs' Document Requests, attached as Exhibit C). Plaintiffs do request all documents that relate to the Amended Complaint and Defendants' affirmative defenses—however these are only two of Plaintiffs'

---

[1] With this motion, Plaintiffs have filed a motion to protect and maintain the Plaintiffs' anonymity. As stated in their motion, the case law allows the Plaintiffs to maintain their anonymity.

2

DM1\1430629.4

forty-four document requests. There is no reason that Defendants cannot and have not responded to the remaining forty-two requests.

7. Plaintiffs' interrogatories ask the Defendant to identify the girls who appear in the titles to which Defendants pled guilty for not creating records which demonstrate the girls were over 18 and ask Defendants to state the gross sales for certain titles. (Plaintiffs' Interrogatories, attached as Exhibit D). Again, it is not necessary that Defendants know the identities of all of the lead Plaintiffs in this suit to respond to these requests.

8. Plaintiffs request this Court to compel the Defendants to respond to Plaintiffs' document requests and interrogatories by November 21, 2008, and to sanction Defendants under Federal Rule of Civil Procedure Rule 37(a)(5)(A) including the payment by Defendants of Plaintiffs' counsels' reasonable expenses in bringing this motion to reconsider and the original motion to compel, including reasonable attorneys' fees.

9. In compliance with Local Rule 7.1(b) and Rule 37(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs' counsel certifies that they conferred with Defense counsel in a good faith effort to resolve by agreement the issues raised in this motion but were unsuccessful.

WHEREFORE, Plaintiffs B, J, S, and V move this Court to reconsider the ruling of the Magistrate Judge, to compel the Defendants to respond to Plaintiffs' document requests and interrogatories by November 21, 2008, and to sanction Defendants under Rule 37(a)(5)(A), including the payment by Defendants of Plaintiffs' counsels' reasonable expenses in bringing the motion including reasonable attorneys' fees.

Respectfully submitted,

/s/ Rachael G. Pontikes
Larry Selander
Thomas G. Dent
Wayne Mack
Rachael G. Pontikes
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
(312) 499-6700
Fax: (312) 499-6701

and

D. Ross McCloy, Jr.
Robert A. Fleming
Harrison, Sale, McCloy,
 Duncan & Jackson, Chtd.
Florida Bar No. 0262943
Post Office Drawer 1579
Panama City, FL 32402
(850) 769-3434
Fax: (850) 769-6121

ATTORNEYS FOR PLAINTIFFS,
CLASS, AND SUBCLASSES

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 13, 2008, she caused the foregoing **Plaintiffs' Motion for Reconsideration of the Denial of Their Motion to Compel and for Sanctions** to be electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send electronic notification of the filing to the below CM/ECF participant. Parties may access this filing through the Court's system.

Ross M. Babbitt, Esq.
700 West St. Clair Avenue
Hoyt Block, Suite 300
Cleveland, OH  44113

/s/ Rachael G. Pontikes