**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**PLAINTIFF B, et al,**

    Plaintiff,

vs.                                      **CASE NO. 5:08cv79RS/AK**

**JOSEPH R. FRANCIS, et al,**

    Defendants.

_____/

**O R D E R**

Plaintiffs have moved for reconsideration of the Court's previous order which denied their motion to compel discovery responses. (Doc. 56). Defendants have responded. (Doc. 63).

At issue in the Court's previous order was Plaintiffs' motion alleging that there had been a complete failure to respond to discovery requests served upon Defendants on September 8, 2008. (Doc. 43). After these requests were served there was a change in defense counsel, (doc. 38), and modification of the scheduling order (doc. 42), and Plaintiffs referred in their motion to discussions with new defense counsel about these responses such that the Court was of the opinion that the motion to compel should be denied to allow the parties time to resolve this issue. (Doc. 52). It was suggested in the Order that if indeed additional time was needed to respond to the discovery requests it should be sought formally. Apparently, defense counsel did not

take the hint and since that time no formal request for time has been sought nor granted. Thus, the status of the issue is as Plaintiffs represent in their motion for reconsideration that the discovery remains outstanding and no date is fixed for Defendants to respond.

The law concerning a complete failure to respond is such failure constitutes a waiver of the objections, and Defendants must provide all requested documents which are within their possession, custody or control within the meaning of Fed. R. Civ. P. 34(a). Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540 (10 Cir. 1984), pet. for cert. dism. 469 U.S. 1199 (1985); Perry v. Golub, 74 F.R.D. 360, 363 (N.D. Ala. 1976). This includes any objection based on privilege. Golub, 74 F.R.D. at 363.

Further, the Court has reviewed the requests at issue, provided for the first time with Plaintiffs' Motion for Reconsideration (doc. 56, Exhibit C), and finds that Defendants' argument that they are unable to respond to the requests until the Plaintiffs identify themselves is not well taken. The documents requested concern the production, marketing and sale, etc., *generally* of the Girls Gone Wild video series and do not relate to any specific person. However, if the identification of a specific person was necessary to respond this should have been included as grounds for objecting to the response, not for ignoring it altogether.

Plaintiffs also seek sanctions incurred in filing the present motion. Since it appears that the discovery sought would not be forthcoming absent the filing of the present motion, i.e. it is now two months overdue with no extension of time requested or granted, the Court finds that sanctions should be awarded.

**No. 5:08cv79-RS/AK**

Accordingly, it is

**ORDERED:**

1.  Plaintiffs' Motion for Reconsideration (doc. 56) is **GRANTED**, and Defendants shall within ten (10) days of the date of this order produce documents responsive to Plaintiffs' Request for Production of Documents served upon them on September 8, 2008, without objections.

2.  Plaintiffs may file an Affidavit of Fees and Expenses incurred in filing the present motion, within ten days of this Order, and Defendant may, within ten days after service of the Affidavit, file objections, if any, to the reasonableness of these fees and expenses.

**DONE AND ORDERED** this  **9th**  day of December, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 5:08cv79-RS/AK**