UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PLAINTIFF B; PLAINTIFF J;
PLAINTIFF S; and PLAINTIFF V,

    Plaintiffs,

vs.                                      CASE NO. 5:08cv79/RS/AK

JOSEPH R. FRANCIS; MRA
HOLDINGS, LLC; MANTRA FILMS,
INC.; and AERO FALCONS, LLC,

    Defendants.
_____/

## ORDER

Before me are Plaintiffs' Motion to Protect and Maintain Plaintiffs' Anonymity (Doc. 57) and Defendants' Memorandum in Opposition to Motion to Protect and Maintain Plaintiffs' Anonymity (Doc. 64).

Rule 10(a) of the Federal Rules of Civil Procedure requires the disclosure of all parties' names in their respective pleadings unless there is a substantial reason that justifies the extraordinary remedy to allow a party to proceed anonymously. F.R.C.P. 10(a); *See Roe v. Aware Woman Center for Choice, Inc*., 253 F.3d 678, 685 (11th Cir. 2001).  The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which

outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992). This issue turns on whether the prosecution of this suit will compel Plaintiffs to disclose information "of the utmost intimacy." *See Doe v. Stegall*, 653 F. 2d 180, 185 (5th Cir. 1981).

Plaintiff cites numerous cases where sexual history, practices, and exploitation were considered to be of the utmost intimacy. *See Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001); *John Does v. Covington County School Board*, 884 F.Supp 462, 465 (M.D. Ala. 1995); *Doe v. Kolko*, 242 F.R.D. 193 (Conn. Super. Ct. 1994); *Doe v. Evans*, 202 F.R.D 173 (E.D. Pa. 2001); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997). Here, Plaintiffs are likely to have to reveal details on intimate activities including sexual history before and after their interaction with Defendants. Defendants have not shown any prejudice to their ability to receive a fair trial since they will know the names of the Plaintiffs.

While there is a clear and strong interest in ensuring that what transpires in the courtroom is open, the assurance of fairness preserved by public presence at a trial is not lost when one party's pursues under a fictitious name. *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). In balancing Plaintiffs' substantial privacy rights

and the presumption of openness in judicial proceedings, I find that Plaintiffs may proceed anonymously. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992). However, I will revisit this decision prior to trial. The parties are to confer and jointly submit a proposed protective order no later than Friday, January 9, 2009.

In future filings, counsel shall avoid disparaging, personal, inflammatory, or hostile remarks toward opposing counsel and the opposing parties. Counsels' choices of words in the motion and in the response are troubling.

**IT IS ORDERED:**

1. Plaintiffs' Motion to Protect and Maintain Plaintiffs' Anonymity (Doc. 57) is GRANTED.

2. Parties shall confer and jointly submit a proposed protective order no later than Friday, January 9, 2009.

**ORDERED** on December 18, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**