IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**PLAINTIFF B, et al,**

    **Plaintiffs,**

vs.                                                           **CASE NO. 5:08cv79-RS/AK**

**JOSEPH R. FRANCIS, et al,**

    **Defendants.**

_____/


## O R D E R

Presently before the Court in the above entitled action are two motions filed by the Plaintiff: Motion for Sanctions (doc. 86) and Motion for Order Directing Law Firm of Black Srebnick Kornspan & Stumpf to Produce Subpoenaed Documents. (Doc. 92). There has been no response to either motion, and the Court finds that both motions should be **GRANTED**.

### Motion for Sanctions

By Order dated December 9, 2009, the Court directed Defendants to respond to discovery requests served on September 8, 2008, without objections, on the ground that there had been no timely response to the requests. (Doc. 68). The law is clear that when there has been no timely response to requests, **all** objections are waived. See Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540 (10 Cir. 1984), pet. for cert. dism. 469 U.S. 1199 (1985); Perry v. Golub, 74 F.R.D. 360, 363 (N.D. Ala. 1976) (concerning

Case 5:08-cv-00079-RS-GRJ   Document 96   Filed 02/11/09   Page 2 of 4

Page 2 of 4
documents); and Fed. R. Civ. P. R. 33(b)(4) (failure to respond timely to interrogatories waives all objections to those interrogatories).  Although the order on the motion for reconsideration, (doc. 68), referred only to the request for production of documents, this was oversight by the Court, and Defendants were fully aware that both documents and interrogatories were at issue in the previous motion (doc.43) and therefore, were at issue upon reconsideration.  Despite this order (doc. 68), Defendants have still not fully responded to the discovery requests and have also not responded to the present motion which was filed on January 9, 2009.

      The Court is aware that new defense counsel has only recently made an appearance in this cause.  (Doc. 93).  However, these outstanding discovery issues must be resolved and the Court will not tolerate continued delay caused by what is now the third shift in counsel for Defendants.  **Therefore,  Defendants shall immediately and fully comply with the discovery requests (both document production and interrogatories) which were served on September 8, 2008.**

      There is at present an Affidavit of Fees and Expenses submitted by Plaintiffs' counsel incurred in their previous efforts to obtain this discovery totaling $6359.50.  (Doc. 76).  As Defendants point out in their objections to these fees, (doc. 77),  they are unsupported by any specific information as to how the time was spent by the four separate attorneys seeking reimbursement and on their face appear unreasonable.  The motions to compel (doc. 43) and to reconsider (doc. 56) did not require legal research, did not involve novel or complex legal issues, and the Court finds that 3 hours at a rate of $370. an hour (the rate charged by the attorney who signed the motions, Rachael G.

Pontikes) is reasonable for a total of $1100.00, which shall be paid to Plaintiffs' counsel with submission of the discovery responses.

Plaintiffs may also file an Affidavit of Fees and Expenses incurred in the filing of the present motion (doc. 86), but they should file more detailed information about how these fees were incurred if they expect to be fully compensated for the time spent in presenting these issues to the Court.  Also, if Defendants do not comply fully with this order and participate in good faith in the continuing discovery process, Plaintiffs may seek additional sanctions available to them under Rule 37 (b), Federal Rules of Civil Procedure, by filing the appropriate motion and memorandum supporting a request for more serious sanctions whether it be default or contempt.

### Motion concerning Black Law Firm

Plaintiffs served a subpoena on the Black Law Firm, which formerly represented Defendants, seeking "Any and all documents, video tapes, cds or alike produced by the Bay County Sheriff in the matter of the State of Florida v. Joe Francis, Case Nos. 03-001036 CFMA and 07-001341 CFMA."  The law firm advised Plaintiffs' counsel that they have responsive documents which have been copied and are ready to be produced, but they require a court order.  This Order herein directs that firm to produce the documents responsive to the subpoena **forthwith**.

Accordingly, it is

**ORDERED:**

1.  Plaintiffs' Motion for Sanctions (doc. 86) is **GRANTED**, and Defendants shall respond to the requests for production of documents and interrogatories served on September 8, 2008, **without** objections, no later than **Monday February 16, 2009**, by

5:00 p.m.  A check for $1100.00 shall accompany the responses for the reasonable fees incurred by Plaintiffs in obtaining this discovery.

    2.  Plaintiffs may file an Affidavit of Fees and Expenses on or before February 25, 2009, incurred in the filing of the present motion.  Defendants may object to the reasonableness of the fees and expenses sought therein within fourteen days of service of this affidavit.

    3.  Plaintiffs' Motion for Order directing Law Firm (doc. 92) is **GRANTED**, and the Law Firm of Black Srebnick Kornspan & Stumpf is directed hereby to comply fully with the subpoena served upon them on January 15, 2009, and shall so comply on or before Monday, February 16, 2009.

    **DONE AND ORDERED** this 11th day of February, 2009.

s/ A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**