IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**PLAINTIFF B, et al,**

    Plaintiff,

vs.                                                     CASE NO. 5:08cv79-RS/AK

**JOSEPH FRANCIS, et al,**

    Defendants.

_____/


## O R D E R

Presently before the Court is Defendants' Motion for Reconsideration of the Court's previous Order dated February 11, 2009, (doc. 96), which set a deadline for certain discovery responses and awarded sanctions related to a previous discovery infraction by prior counsel.  (Doc. 98).  Plaintiffs have filed a response.  (Doc. 101).  Having considered said motion, (doc. 98), the Court is of the opinion that it should be **DENIED**.

New counsel requests that the Court reconsider its previous ruling that the failure to file timely objections to Plaintiffs' discovery requests operates as a waiver of those objections, *i.e.* because the failure to respond timely was not their fault.  In the alternative, Defendants seek an extension of time to respond to the Court's Order, but asks for no specific amount of time.

As an initial matter, the Court denies the request for reconsideration of the substance of its previous Order.  It is the general rule that a client is bound by the acts of his attorney including any waivers made by counsel.  See State v. Daniels, 826 So.2d 1045 (Fla. App. 5 2002) (citing general rule followed in Florida); and State ex rel. Gutierrez v. Baker, 276 So.2dd 470 (Fla. 1973) (waiver made by attorney binds client).  Thus, since it is the party, not the attorney, who is bound, it follows that a shift in counsel would not vacate prior actions.  See Greenfield v. Philles Records, Inc., 160 A.D. 2d 458 (N.Y.A.D. 1990); School City of Gary v. Continental Elec. Co., 273 N.E. 2d 293 (Ind. App. 1971) (waiver of prior counsel binds party).  To hold otherwise would wreak havoc on the judicial system and provide an incentive for a dilatory and obstructive party to change counsel simply to avoid the agreements and obligations made by prior counsel and to cause a purposeful and unending delay.

Finally, there will be no additional time granted beyond that afforded them by default upon the filing of this motion.  They were directed to produce discovery and pay the sanctions award on February 16, 2009, it is now February 23, 2009, and compliance with the Court's previous Order is now overdue.

**DONE AND ORDERED** this 23rd day of February, 2009.


s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**No. 5:08cv79-RS/AK**