IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**PLAINTIFF B, et al,**

    **Plaintiffs,**

vs.                                                                                    CASE NO. 5:08CV79-RS/AK

**JOSEPH R. FRANCIS, et al,**

    **Defendants.**

_____/


## O R D E R

Presently before the Court is Defendants' Emergency Motion to Compel or, in the alternative, for Extension of Time (doc. 147) and Plaintiff's response. (Doc. 150). Also before the Court is Defendant's Emergency Motion for Protective Order concerning three depositions scheduled by Plaintiffs for May 14 and 15 in Los Angeles, California. (Doc. 149). The Court finds it unnecessary to await a response to the emergency motion for protective order.

### Motion to Compel

Defendants seek to compel Plaintiffs mental examination at their expense and by their expert, Dr. Frederick S. Berlin, whose office is in Maryland. Dr. Berlin is a psychiatrist and attending physician at Johns Hopkins whose schedule has created a problem for him to come to Florida to examine the four plaintiffs. Defendants request that the four plaintiffs fly to Maryland for examination by Dr. Berlin at his office. Each

examination will take approximately three to five hours and Dr. Berlin has offered several available dates in May, but advises that if he must come to Florida his earliest available date will be June 22, 2009, which will be after the close of discovery on May 21, 2009.  In the alternative, Defendants seek to extend the time for taking the Rule 35 examination.[1]

Rule 35, Federal Rules of Civil Procedure, provides that a court may order the physical or mental examination of a person whose conditions are "in controversy" by "a suitably licensed or certified examiner" and "upon notice to the person to be examined and to all parties" said notice shall "specify the time, place, manner, conditions, and scope of the examinations and the person or persons by whom it is to be made."

Although the movant seeking an examination does not have an absolute right to the examiner of their choice, absent valid objections to the selection, the movant usually is entitled to a physician of their choice. 8C Wright & Miller, *Federal Practice and Procedure*, §2234; Great West Life Assurance co. v. Levithan, 153 F.R.D. 74 (D.C. Pa. 1994); Looney v. National RR Passenger Corp., 142 F.R.D 264, 265 (D. Mass. 1992). Otherwise, the parameters of the proposed examination are left to the full discretion of the court.  Stuart v. Burford, 42 F.R.D. 591, 592 (ND Okla. 1967).

The prevailing view is that such examinations should take place in the district where the action is pending.  See  Bennett v. White Laboratories, Inc., 841 F. Supp. 1155, 1158 (M.D. Fla. 1993) (court could find no authority for requiring a plaintiff to

---

[1] At a recent hearing before District Judge Smoak, the Defendants were ordered to examine the Plaintiffs within ten days of their expert's designation, which they contend was disclosed on April 28, 2009.

**No. 5:08cv79-RS/AK**

travel outside the district for examination); Baird v. Quality Foods, Inc., 47 F.R.D. 212 (E.D. La. 1969). (examination should be where trial will be held to allow for examining physician to be available conveniently for testimony).  The cases examining this precise issue all required that good cause be shown for requiring an examination by a physician outside the judicial district where the action is pending.  Stuart, *supra* at 592.  In Stuart the Court took notice that over 40 doctors of similar practice were in the area where Plaintiff resided and the action was filed and denied a motion to compel an examination in a city over 118 miles away.  Id.  See also Blount v. Wake Electrical Membership Corp., 162 F.R.D. 102, 107 (E.D.N.C. 1993) (good cause not shown for requiring plaintiff to drive four hours for examination when no unique qualities are alleged by physician of choice and numerous other similar specialists were in forum area).  *Accord* Rainey v. Wal-Mart Stores, Inc., 139 F.R.D. 94 (W.D. La. 1991) (270 miles is too far when Defendant made no argument that there were not other physicians "similar in stature, training or quality" to those in the forum district).

     Indeed, Dr. Berlin appears to have outstanding credentials as an associate professor in the Department of Psychiatry and Behavioral Sciences at the prestigious Johns Hopkins University and Hospital, but if his schedule and responsibilities are so demanding that he cannot complete these examinations for several weeks, then Defendants should select another expert.  Defendants do not argue that Dr. Berlin has a special expertise that cannot be found locally and with two major universities and several urban areas within the Northern District of Florida, the Court is certain that another psychiatrist can be designated who can adequately examine these four

**No. 5:08cv79-RS/AK**

plaintiffs.  The remaining problem is with scheduling deadlines.  Defendants do not request an extension of the discovery deadline, even for a limited purpose, only an extension of the deadline set at the recent hearing with Judge Smoak.  The undersigned will not presume to predict the course Defendants elect to take following this ruling, but will suggest that if another expert is to be designated then a motion to this effect should be filed.  Also, unless Dr. Berlin will examine the plaintiffs on or before May 21, 2009, or a newly designated expert will be able to conduct this examination before the close of discovery, then an extension of the discovery deadline should be sought for this limited purpose.

As far as the scope of the examination which Plaintiffs contend has not been provided, Rule 35 is clear that this must be included with the other details of where and when the examination will take place.  Defendants shall include this in the Notice rescheduling these examinations.

<u>Motion for Protective Order concerning Depositions for May 14 and 15</u>

Defendants' depositions were noticed first.  Counsel's suggestion that the depositions of Guy Aulabaugh, Lauren Friedman, and Ryan Simpkin noticed by Plaintiffs be rescheduled for the week of May 18, 2009, with the other depositions scheduled in Los Angeles is more than agreeable and reasonable and accommodating.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Compel (doc. 147) is **DENIED IN PART**, insofar as the Plaintiffs will not be compelled to travel to Maryland for their examinations.  The motion

**No. 5:08cv79-RS/AK**

is **GRANTED**, in the alternative, in that an extension of the deadline for examination set by Judge Smoak at the recent hearing is granted.  However, Defendants must move for the precise relief they seek if they elect to designate another expert or the examination by whomever cannot be concluded by the close of discovery.

    2.  Defendants' Motion for Protective Order (doc. 149) is **GRANTED**, and Plaintiffs' depositions noticed for May 14 and 15 in Los Angeles shall be rescheduled.

    **DONE AND ORDERED** this  *12th*  day of May, 2009.


                            **s/ A. KORNBLUM**
                            **ALLAN KORNBLUM**
                            **UNITED STATES MAGISTRATE JUDGE**