**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

**PLAINTIFF B, et al,**

**Plaintiffs,**

**vs.** **CASE NO. 5:08cv79-RS/AK,**

**JOSEPH R. FRANCIS, et al,**

**Defendants.**

**_____________________________/**

**O R D E R**

Presently before the Court is Plaintiff's Emergency Motion to Compel and for Protective Order. (Doc. 205). Defendants have responded. (Doc. 217). Having considered said motion and the response thereto, the Court is of the opinion that it (doc. 205) should be **GRANTED**.

At issue is the deposition of Ronald Guttman, former Executive Vice President, General Counsel, and Chief Operating Officer of Mantra Films, which was scheduled previously for June 10, 2009, and continued when he declined to answer questions pursuant to contractual agreements he had with Mantra which forbade his testimony about Mantra activities, except under certain specified conditions. The deposition was re-scheduled for June 29, 2009, at which time Mr. Guttman appeared, but again declined to answer questions and the deposition was canceled. Plaintiff filed the present motion the next day.

Mr. Guttman, who is an attorney, advised that there are two agreements entered into with Mantra that affect his ability to testify--his employment contract and a settlement agreement relating to litigation between himself and Mantra. (Doc. 205, Exhibit A, p. 7). Neither of these documents have been provided to the Court, but Mr. Guttman represented what the relevant terms and conditions of the two agreements are, and neither party, particularly the Defendants, take issue with these representations. Therefore, the Court will rely upon these representations in making its ruling.

Under the agreements, Mr. Guttman stated that he may disclose information, except that which is protected by attorney-client privilege, when subpoenaed, provided he gives Mantra advance notice and an opportunity to object. (Exhibit A, p. 13). What constitutes "advance notice" is not specified.

Mr. Guttman was first given notice of his deposition on May 12, 2009, and served with a subpoena on or about June 4, 2009. (Doc. 217, Exhibit A). Mr. Guttman sent a letter on June 5, 2009, to Joseph Francis which stated:

> Pursuant to paragraphs 2 and 3 of the settlement agreement, as of October 16, 2006 between Ronald E. Guttman, Mantra Films, Inc. and Joseph Francis, "the settlement agreement," and paragraph 3 of Exhibit A of the employment agreement, dated as of July 1, 2004 between Mantra Films, Inc. and myself, "the employment agreement," I am providing notice to you and to Mantra of a subpoena served on me, as well as a copy thereof, requiring my appearance and deposition testimony on June 10, 2009, in the above referenced matter.
> This notice is giving to you and Mantra an opportunity, prior to any testimony or disclosures by me, to apply to the Court or any other appropriate authority for a protective order preventing or limiting any disclosures that I may be required to make pursuant to the subpoena and in the absence of such protective order or such other relief that you may obtain in the underlying matter. (Exhibit A, p. 11).

Mr. Guttman advised that he had given notice of the subpoena served upon him to Mantra, and discussed the agreements with Mr. Bateman, counsel for the defendants. (Exhibit A, p. 8). His understanding, as of Monday before the deposition on Wednesday, was that Mr. Bateman would not seek a protective order. (Exhibit A, p. 8). However, at the deposition Mr. Bateman explained that he was discussing the filing of a protective order in relation to Mr. Guttman's general capacity as former general counsel, not in relation to these agreements. (Exhibit A, p. 9). Mr. Bateman denied being aware of these documents and stated that Mantra would not waive its rights under these agreements until he had a chance to review them. (Exhibit A, p. 9). Mr. Bateman suggested that "we just continue this deposition until such time as we can review the documents and file those motions as necessary." (Exhibit A, p. 10). He orally moved for a protective order, and stated, "we will be filing a document tomorrow in that vein...." (Exhibit A, p. 15).

The parties all agreed that the subpoena would continue in effect without re-service and that Mr. Guttman would await a ruling on the motion for protective order. (Exhibit A, p. 18-19).

Mr. Guttman appeared for deposition again on June 29, 2009, and informed Plaintiffs' counsel that in discussions with Mr. Bateman 35 to 45 minutes before the deposition he learned that although no protective order was filed it was Defendants' position that "they are not willing to waive any enforcement rights that they may have pursuant to those agreements. So therefore, I feel that I am at risk, should I testify." (Exhibit 2, pp. 6-7). Mr. Bateman had informed Mr. Guttman that it was still his position

that he had not had a reasonable opportunity to review the agreements, that he had in fact still not seen the agreements, and that he should have a reasonable opportunity to file the appropriate motion or the agreements would be enforced. (Exhibit 2, pp. 8-9, 23-24). When asked if Mr. Bateman would explain on the record his position, he responded “I’m not here to answer questions.” (Exhibit 2, p. 23). Mr. Guttman reiterated his position that he would not testify unless indemnified by Defendants from enforcing whatever rights they have under the two agreements, and while he would not characterize anything Mr. Bateman said as a threat, he said, “I certainly have a reasonable fear and possibly a reasonable expectation of being drawn into a lawsuit, if I go forward and give testimony; absent to Court order.” (Exhibit 2, p. 29). Mr.

In response, Defendants do not make any substantive arguments regarding the agreements, their enforcement, whether they have now reviewed them, and if so, what their current position is after their review. This is information of interest to the Court and helpful to a just determination of the issues raised in this motion. Defendants’ “technical” arguments are not well founded. Plaintiffs are not requesting that Defendants compel Mr. Guttman to testify, he has agreed to be deposed, even in another jurisdiction. (Exhibit 2, p. 28). The sole problem has been that Defendants would not agree to waive enforcement of the terms of the two agreements at issue that would limit Mr. Guttman’s deposition, and the only grounds for their refusal to do this has been that they have not been given a reasonable amount of time to review the agreements, which have been in the position of Mantra since their executions in 2004 and 2006, according to Mr. Guttman. (See Exhibit 2, p. 17).

Giving Defendants the benefit of the doubt, the Court finds that Mr. Bateman may have been unaware of the agreements at the first deposition and may have been confused when initially discussing the possible need for a protective order with Mr. Guttman prior to that deposition that they were discussing it in the context of his former position as general counsel. However, after that deposition, Defendants cannot claim they were unaware of the agreements and were on notice that a motion for protective order was necessary and expected. Indeed, Mr. Bateman represented on the record that a motion would be filed the next day. No sanctions will be awarded for the aborted first deposition.

However, sanctions are clearly in order for all fees and costs related to the preparation, travel, and attendance by Plaintiffs' counsel for the deposition of June 29, 2009. Knowing that he had still not reviewed the agreements and would take the same position he took previously, Mr. Bateman allowed counsel to travel to California, allowed Mr. Guttman to make whatever arrangements were necessary for him to appear on June 29th, and waited until 40 minutes before the deposition to let everyone know he was still not prepared to go forward and was unwilling to change his position.

The Court further finds based solely on the representations of Mr. Guttman as to the terms of the agreements that he fully complied with the notice requirements set forth therein, that a reasonable opportunity has been afforded to Defendants to object to his giving testimony in this proceeding, and none having been made by appropriate motion filed in this cause, such objections are deemed waived.

Accordingly, it is

**ORDERED:**

1. Plaintiffs' Motion to Compel and for Protective Order (doc. 205) is **GRANTED,** and the parties shall arrange for Mr. Guttman's deposition as soon as practicable, but no later than **July 30, 2009.**

2. Plaintiffs shall on or before **August 3, 2009**, file an Affidavit of Fees and Expenses incurred in preparing for, traveling to, and attending the deposition of Mr. Ronald Guttman on June 29, 2009. Defendants, may, if necessary, file objections to the reasonableness of the fees and expenses sought within ten days of the filing of the affidavit.

**DONE AND ORDERED** this ***16th*** day of July, 2009.

***s/ A. KORNBLUM***
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**