**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**PLAINTIFF B, et al,**

      **Plaintiffs,**

**vs.**                                **CASE NO. 5:08cv79-RS/AK**

**JOSEPH R. FRANCIS, et al,**

      **Defendants.**

_____/

## O R D E R

Presently before the Court are Affidavits (docs. 196 and 245) supporting an award of attorney's fees and expenses to Plaintiffs' counsel relating to certain discovery motions, (docs. 132, 133, 135, 146, and 151), which the Court recently granted, as well as fees and expenses incurred in preparing for and attending the deposition of Defendant Joseph R. Francis on April 22, 2009. (See Docs. 176, 225).

Although Defendant has not filed any objections, the Court has conducted an independent review of the attorney's fee request to confirm that the hours claimed were reasonably expended and the hourly rates charged are consistent with the prevailing market rate in this area charged by lawyers of reasonably comparable skills, experience, and reputation.

To summarize the requests related to the motions for sanctions, with addendums (docs. 132, 133, 135, 146):

1. Attorney Ross McCloy -19 hours at an hourly rate of $300.

2. Attorney Larry Selander - 5 hours at an hourly rate of $605.

3. Attorney Thomas Dent - 1 hour at an hourly rate of $545.

4. Attorney Rachel Pontikes - 9 hours at an hourly rate of $395.

5. Paralegal Gail Reinig - .8 hour at an hourly rate of $205.

**Total time spent on 4 motions is 34.80 hours for a total cost of $12,989.00**.

To summarize the requests related to the motion for leave to file a reply (doc. 151):

1. Attorney Ross McCloy -1 hour at an hourly rate of $300.

2. Attorney Thomas Dent - 4 hours at an hourly rate of $545.

3. Attorney Rachel Pontikes - 6.8 hours at an hourly rate of $395.

**Total time spent on this motion and reply memorandum is 11.8 hours for a total cost of $5166.00.**

The Court has reviewed the motions at issue and examined the detailed description of the time expended and finds that the total time spent on the motions was reasonable given that considerable telephone conferences between Plaintiffs' attorneys and opposing counsel were necessary as document production was ongoing, document review was required to ascertain the level of responsiveness to support their request for default, and a deposition transcript had to be reviewed. The relief sought, default judgment, is not typical for discovery infractions and would reasonably require extensive

**No. 5:08cv79-RS/AK**

discussion, consideration, and research. The issues were highly contentious, the procedural history of discovery in this case is extensive, and a reply memorandum was necessary to fully articulate Plaintiffs' position.

The Court has also reviewed the affidavit concerning the prevailing market rate in this area and the reasonableness of the hourly rate sought by the four attorneys representing the Plaintiffs. (Doc. 245). Counsel has complied with Local Rule 54.1(E) and provided an affidavit from Elizabeth L. Bevington, an attorney with Holland & Knight, a large national law firm, and who practices in their branch office in Tallahassee, Florida. She attests that she is familiar with the prevailing market rate in this area and is of the opinion that the hourly rates sought by each of the attorneys is reasonable. She attests that she is admitted to practice in all state and federal courts in Florida, she has been practicing since 1985, and she is familiar with attorney's fees customarily charged for legal representation generally. She attests that the range of fees for attorneys practicing 30 to 40 years in the Northern District of Florida for complex litigation such as this is from $400 to $600 an hour; for attorneys with 8 to 11 years experience it is from $335 to $440 an hour; and for Ms. Pontikes, who has been practicing since 2001, she attests that her hourly rate of $395 is reasonable.

Plaintiffs' counsel bears the burden of producing satisfactory evidence that the requested hourly rates are in line with prevailing market rates, and this burden can be met by direct evidence of rates charged under similar circumstances or opinion evidence of reasonable hourly rates. See Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

**No. 5:08cv79-RS/AK**

No direct evidence is submitted in support of the opinion of Ms. Bevington, who, although she attests to considerable experience practicing in the courts of Florida, claims no particular expertise in fee awards or rates and offers no direct evidence of other fee awards in similar type cases or hourly rates in this area to support her opinion. See Norman, *supra* at 1304 (where affidavits "are barren of detailed bases or expert analyses," district court may rely on its own expertise in determining reasonable hourly rate). Admittedly, the Court finds the hourly rates sought by out-of-state counsel to be atypical for this area, and has, upon independent research, found more direct evidence which suggests a lower hourly rate.

Results of the 2008 Economics and Law Office Management Survey published in February 2009 and available online at www.floridabar.org. show the average hourly rate throughout the state of Florida to be between $200 to $299, with 18% of the lawyers in this state charging $300 or more an hour, and only 7% making more than $350 an hour. (Id., at p. 9).[1] These statistics are based on questionnaires sent to 2770 randomly selected attorneys, all members in good standing of the Florida bar, with an error of estimation rate of approximately plus or minus 5%, so they are deemed to be approximately 95% accurate. (Id., at pp. 2-3). The Court finds these statistics persuasive of a baseline hourly range of $200 to $300 an hour for the average attorney practicing in Florida, but the prevailing market rate is only a useful starting point for determining a reasonable fee, an upward (or downward) adjustment may be appropriate under certain circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-434 (1983);

---

[1] A larger percentage of lawyers in the northern region of Florida, as opposed to the central and southern areas, charge less than $200 an hour. (Id., at p.10).

**No. 5:08cv79-RS/AK**

<u>Blum v. Stenson</u>, 465 U.S. 886 (1984) (50% upward adjustment to hourly rate appropriate when necessary to provide fair and reasonable compensation, but the enhancement must be justified). The Court finds that attorneys Larry Selander and Thomas Dent, while not entitled to the hourly rates they seek, are entitled to a 50% upward adjustment added to the higher end of the prevailing market rate in this area for an hourly rate of $450.00. The Court is aware that this rate is higher for Mr. McCloy than he has requested, but is of the opinion that he should be compensated at a rate comparable to the out-of-state attorneys of similar experience and skill. His request for $300 an hour is, however, in the Court's opinion, further support for its finding that $300 an hour is a reasonable assessment of the high end of the prevailing market rate in this area.

The district court has wide discretion in determining the amount of a fee award because of its "superior understanding of the litigation...." <u>Hensley</u>, *supra* at 437. Having ruled on the motions at issue and having overseen most of the discovery during this litigation, the Court finds that attorneys McCloy, Selander, and Dent are entitled to a 50% upward adjustment for the following reasons. Mr. McCloy has over 30 years experience, is board certified in civil trial law, and a partner in Harrison, Sale, McCloy, Duncan and Jackson, one of the larger law firms in the Panama City area. He brings a particular expertise to this case in that he has represented other plaintiffs in similar lawsuits against these same Defendants. <u>See</u> Case Nos. 5:03cv242-SPM; 5:03cv260-RS. Similarly, attorneys Selander and Dent have over 30 years experience in litigation. Mr. Selander is a partner with Duane Morris, a large international firm with offices in all

**No. 5:08cv79-RS/AK**

major cities in this country, and who practices in the Chicago branch office. Mr. Dent is

Special Counsel with Duane Morris and also practices in the Chicago branch office.

Based on the original affidavit submitted in conjunction with this fee request, both

Selander and Dent are accustomed to significantly higher hourly rates than is the

prevailing rate in northern Florida. This case has required a considerable expenditure of

their time, frequently upon an emergency basis, no doubt necessitating that they forego

higher paid cases to work on this one. Discovery in this case has been protracted,

contentious, involved several emergency motions, several hearings, and required

working with three different defense attorneys over the last year and a half.

Finally, an important factor in making a fee determination is the result obtained,

"the significance of the overall relief obtained by the plaintiff in relation to the hours

reasonably expended." Hensley, *supra* at 434-35. In the present case, the overall

results have been highly successful for the Plaintiffs in that there are pending

recommendations that a default judgment be entered against Defendants for their

discovery failures which is a direct result of Plaintiffs' counsels' efforts. Regardless of

the outcome of these recommendations, these efforts have facilitated cooperation in the

discovery process to a degree and resulted in the rescheduling of Defendant Francis'

deposition in Florida, which should further benefit Plaintiffs' financially.

Even though Ms. Pontikes has not been practicing as long as the others have,

she has particular expertise in this type of case because she, too, has worked on

previous cases against these Defendants, and she should, in the opinion of the

undersigned, receive the high end of the prevailing market rate in this area or $300 an

**No. 5:08cv79-RS/AK**

hour. This amount is in line with a recent case decided in the Middle District of Florida where the Court found that the prevailing rate for attorneys with more than 7 years experience was $275 and up. <u>Shannon v. Saab Training USA, LLC</u>, 2009 WL 1773808 (M.D. Fla.).

The statistics compiled by the Florida bar are also helpful in gauging the prevailing market rate for paralegals in Florida, which is between $60 and $80 an hour. (Id., at p. 12-13). Since the Court does not have any information about Ms. Reinig's level of experience, her hourly rate will be placed in the middle of the upper and lower ends of the range at $70 an hour.

Therefore, the adjusted total for attorney's fees related to the motions for sanctions (docs. 132, 133, 135, and 146) is:**$14,006.00**.[2]

The adjusted total for the motion for leave to file a reply (doc. 151) is: **$4290.00**[3]

To summarize the fees and expenses sought in relation to Francis' deposition and adjusted by hourly rate:

1. Attorney Ross McCloy - 56.7 hours at an hourly rate of $450.

2. Attorney Rachel Pontikes -19.5 hours at an hourly rate of $300.

3. Attorney Thomas Dent - 1.1  hours at an hourly rate of $450.

4. Attorney Larry Selander - 1.5 hours at an hourly rate of $450.

---

[2]  Ross McCloy (19 hours at $450); Larry Selander (5 hours at $450); Thomas Dent (1 hour at $450); Rachel Pontikes (9 hours at $300); and paralegal Gail Reinig (.8 hour at $70).

[3]  Ross McCloy (1 hour at $450); Thomas Dent (4 hours at $450); and Rachel Pontikes (6.8 hours at $300).

**No. 5:08cv79-RS/AK**

5.  Paralegal Gail Reinig - 4.9 hours at an hourly rate of $70.

**Total attorneys fees: $32,878.00.**

The Court finds that the time sought (78.8 hours) is reasonable for two attorneys preparing for, traveling to, and attending the deposition.  Travel was extensive for Mr. McCloy, who traveled from Panama City to Los Angeles for the deposition, and Ms. Pontikes who traveled from Chicago to Los Angeles.  Travel time is compensable at a regular hourly rate.  George v. GTE Directories Corp., 114 F. Supp. 1281, 1290-1291 (M.D. Fla. 2000).  Further, both attorneys were necessary at the deposition since Mr. McCloy conducted the examination and Ms. Pontikes had been active in the document production, which was an important subject at the deposition.  Multiple attorneys, particularly when there are multiple plaintiffs, are not inherently unreasonable so long as the hours expended by them are not unnecessary or redundant.  George, at 1291.

**Total expenses of $7,440.66** for airfare, transportation, lodging, meals for two attorneys, plus videographer and court reporter fees also appear reasonable.

Accordingly, it is

**ORDERED:**

That the totals set forth above are reasonable, and no objections having been made thereto, Defendants shall forthwith request of Plaintiffs' counsel the manner in

which the amounts set forth above are to be paid to the attorneys and/or law firms and shall complete said arrangements and make full payment on or before **September 11, 2009.**

      **DONE AND ORDERED** this 8th day of September, 2009.

s/ A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 5:08cv79-RS/AK**