**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**PLAINTIFF B; PLAINTIFF J;
PLAINTIFF S; and PLAINTIFF V,**

    Plaintiffs,

vs.                                           **CASE NO. 5:08-cv-79/RS-AK**

**JOSEPH R. FRANCIS; MRA HOLDINGS,
LLC; MANTRA FILMS, INC.; and AERO
FALCONS, LLC,**

    **Defendants.**
_____/

**ORDER**

Before me are Defendants' Motion for Protective Order (Doc. 289) and Plaintiffs' Response (Doc. 290). Defendants' motion is **denied** without prejudice.

Financial documents for all of the Defendants were initially requested by Plaintiffs on September 8, 2008 (Doc. 56, Attachments 3-6). It was a general request for all financial documents demonstrating earnings and net worth of the Defendants. Defendants were sanctioned by Magistrate Judge Kornblum on December 9, 2008, for failing to produce these documents, and were ordered to produce the documents by December 19, 2008 (Doc. 68). No documents were produced, and Judge Kornblum again sanctioned Defendants for failing to produce

the documents on February 11, 2009, and ordered Defendants to produce the documents by February 16, 2009 (Doc. 96).

On April 9, 2009, the requests still had not been complied with and I ordered Defendants to produce the documents by April 17, 2009 (Doc. 128). Again on July 14, 2009, I ordered Defendants to, no later than July 31, 2009, produce all financial documents requested by Plaintiffs, including all underlying financial records for all tax returns; financial records regarding Defendant Francis' assets and net worth; and financial documents for the Defendant Corporations (Doc. 222). In these four instances that Judge Kornblum or I have ordered Defendants to produce these documents, never was the specificity of which documents were to be produced raised as an issue by Defendants. Now, over a year after the requests were first propounded, Defendants argue that by requesting specific types of financial documents, in an effort to clarify which documents they were seeking and assist Defendants in knowing which documents were to be produced (Doc. 289-2), Plaintiffs are now requesting new documents for which Defendants are entitled to additional time to produce them. If Defendants had any doubt as to what they needed to produce, they had ample time to make a timely objection to require more specificity, rather than one business day before the deposition is to occur and the documents are to be produced.[1]

---

[1] This motion was filed at approximately 4 p.m. on October 2, 2009.

Furthermore, Plaintiffs' detailed guidance (Doc. 289-2) was provided 27 days prior to the deposition and Defendants represent that they have been working "feverishly" to find the documents and believe that they have located the majority of the documents requested. (Doc. 289 at 3, 5). It is impossible to tell at this juncture whether the documents Defendants are prepared to bring to the deposition tomorrow will satisfy the Plaintiffs' request. Defendants have not identified any specific documents which they are not prepared to produce that should be subject to a protective order. Thus, if it is confirmed or established by the testimony at the deposition of Mr. Francis tomorrow that there are any further documents that could not be located or were not produced for any reason that might be responsive to Plaintiffs' discovery request, the parties will then have the opportunity to bring before me the specific items not produced for determination of whether they should have been produced at the deposition, or should be produced at a future date.

Defendants' motion is **denied.**

ORDERED on October 5, 2009.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**