IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **Plaintiff B**, **Plaintiff J**, **Plaintiff S**, and **Plaintiff V**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **JOSEPH R. FRANCIS**; **MRA HOLDINGS, LLC**, a California limited liability company; **MANTRA FILMS INC.**, an Oklahoma corporation, d/b/a "Girls Gone Wild;" and **AERO FALCONS, LLC**, a Delaware limited liability company, <br><br> Defendants. | Case No.  5:08cv79-RS-AK |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AS TO
COUNTS I, III, IV AND V OF THE AMENDED COMPLAINT**

Plaintiffs B, J, S and V oppose Defendants' Motion for Summary Judgment ("Motion") and state:

I.   **Introduction**

Defendants ignore the evidence in the record, create claims Plaintiffs do not bring, and pervert this record to bring this motion for summary judgment.

Incredibly, Defendants argue that PB cannot prove that she was engaged in sexually explicit conduct in the films Defendants took of PB while she was a minor, and summary judgment should be granted in their favor. To make this argument, they must ignore the record. They ignore that Mantra and Francis have admitted in their criminal pleas that PB engaged in sexually explicit conduct in the very footage at issue in this

litigation. Defendants ignore the footage *itself* which could not be more sexually explicit. Defendants fail to address, explain, or even mention their admissions or the footage.

Defendants ignore the record again to argue that PV was not forced to masturbate Francis. Defendants ignore Francis' criminal conviction where the Court found Francis had forced PV to masturbate him. Defendants also ignore and misconstrue PV's testimony and then fail to offer any testimony from Francis to the contrary. Defendants offer no explanation for this or even bother to mention that the state court has already found Francis guilty. Instead, incredibly, they argue *they* are entitled to summary judgment because this record does not establish that PV was coerced into masturbating Francis.

Finally, Defendants engage this Court and Plaintiffs in an exercise in pure futility. Defendants claim that PJ, PS and PV bring sexual exploitation claims, and that PS and PJ bring coercion into prostitution claims, and proceed to argue why these claims must fail. PJ, PS and PV did not bring sexual exploitation claims, and current defense counsel in his first appearance before this Court, argued that very position. PJ and PS do not bring coercion into prostitution claims, which is evident from reading the Amended Complaint. With these lengthy arguments, Defendants are just wasting everyone's time.

Defendants filmed PB engaged in sexually explicit conduct while a minor and then distributed the child pornography they created worldwide. Defendants know it, Plaintiffs know it, and this Court knows it. If anything, this record demonstrates that this Court should grant PB summary judgment because she is clearly engaged in sexually explicit conduct in the footage.

Francis' forcing PV to masturbate him is also an admitted issue in this case, based on Francis' adjudication of guilty. Francis knows it (he signed the plea twice and was told by the judge in open court) and the Plaintiffs know it; if anything, this record supports granting summary judgment in favor of PV.

This record certainly does not support granting summary judgment in Defendants' favor. Defendants have perverted and selectively represented this record to bring this motion. Defendants' motion must be denied.

## II. Analysis

### A. Legal Standard

The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. The court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

As set forth below, Defendants utterly fail to meet this standard. The evidence demonstrates: that PB is engaged in sexually explicit conduct and sexual activity in the footage Defendants took when she was a minor; PV was coerced into masturbating Francis; and that both minors were coerced into prostitution. At a bare minimum, the overwhelming evidence creates genuine issues of material fact requiring this Court to deny this motion.

### B. Plaintiffs J, S and V Bring No Claims For Sexual Exploitation of a Minor.

Defendants seek to obfuscate, confuse, generate more paper, and waste everyone's time by claiming Plaintiffs J, S, and V are bringing claims they never brought.

Defendants claim in their Motion that Plaintiffs J, S, and V's sexual exploitation claims in Count I "fail" because flashing their breasts does not constitute "sexually explicit conduct." (Motion, pp. 7-9, 10-11). The problem with this argument is that Plaintiffs J, S, and V have never brought claims for sexual exploitation. Current defense counsel acknowledged as much before this Court at the first hearing in which he appeared. At the March 19, 2009 hearing, Mr. Bateman acknowledged,

> There's only one plaintiff in this case where they even make an allegation that she was filmed in any kind of violation that requires a 2257 record keeping. One girl. There's only one girl that they filmed. So how could all these different people do this to all their different clients? There's two flashers and one girl who has been - - supposedly had a sexually explicit activity filmed in violation of the underlying thing that requires record keeping. So that on its face right there is just a total misrepresentation.

(Pls.' Counterstatement of Facts, ¶ 2). Plaintiffs J, S, and V bring no sexual exploitation of a minor claims; all parties and all counsel in this matter know this. Defendants are wasting everyone's time.

### C. *At Minimum* There is A Genuine Issue of Material Fact That PB is Engaged in Sexually Explicit Conduct.

Defendants further argue that PB does not have a claim for sexual exploitation of a minor because there is inadequate evidence that she was engaged in sexually explicit conduct under 18 U.S.C. § 2256. (Motion, p. 10). To make this argument, Defendants must ignore the key evidence in this record: Defendants own criminal pleas, where they *admit* that PB engaged in *actual sexually explicit conduct* in the footage *at issue here* and the footage, which is *clearly* sexually explicit under any interpretation of § 2256. At a

bare minimum, this evidence creates a genuine issue of material fact which requires this Court deny Defendants' motion.

Defendants argue the fact that PB does not remember everything that happened when she was videotaped by Defendant and another witness testifies that some of the conduct was "simulated" entitles Defendants to summary judgment. (Motion, p. 10). This, again, requires this Court to ignore the Defendant's criminal admissions *and* the footage.

Defendants Mantra and Francis admitted that PB, in the footage at issue, is engaged in *actual sexually explicit conduct*.[1]  Francis, in his criminal plea agreement, states "[o]n or about March 31, 2002, a cameraman acting on behalf of the companies and FRANCIS obtained footage of two female performers engaging in *actual sexually explicit conduct*." (Pls.' Counterstatement of Facts, ¶ 3) (emphasis added).  In Mantra's plea agreement, Mantra states that it used footage, filmed on or about March 31, 2002, "depicting two performers engaged in *actual sexually explicit conduct*, including masturbation and oral or simulated sex . . . ." (Pls.' Counterstatement of Facts, ¶ 4) (emphasis added).  No one is contesting that PB is the performer that is identified in the criminal pleas that appears in the footage at issue; no one is contesting that PB was a minor when Defendants filmed her.

These guilty pleas conclusively establish for purposes of this litigation that PB is engaged in sexually explicit conduct in the video footage at issue. In the Eleventh Circuit, application of collateral estoppel principles gives "a judgment based on a guilty plea the same collateral effect as any other criminal conviction, *conclusive* of all issues

---

[1] Plaintiffs made these arguments in support of their motion for protective order, which is currently pending before Judge Kornblum.

that would have been resolved by conviction following a contested trial." *Raiford v. Abney*, 695 F.2d 521, 523 (11th Cir. 1983) (emphasis added). This includes all facts that underlie a criminal offense that are stipulated to in a guilty plea. *U.S. v. Satterfield*, 743 F.2d 827, 838 (11th Cir. 1984).

The fact that PB was engaged in sexually explicit conduct under Section 2256(2) is a fact that underlies the criminal offense that Francis and Mantra stipulated to in their guilty pleas. Francis and Mantra stipulated to violations of 18 U.S.C. § 2257 ("Section 2257"). Section 2257 is a recordkeeping provision that requires that all producers of sexually explicit images keep proof of identification to demonstrate that all performers who engaged in the sexually explicit conduct on film are over 18 years of age. 18 U.S.C. § 2257.

Francis and Mantra plead guilty to the fact that they did not obtain or keep any identification to demonstrate PB was over eighteen years old when they filmed her engaging in sexually explicit conduct. (Pls.' Counterstatement of Facts, ¶ 5). If PB were not engaged in sexually explicit conduct, Francis and Mantra would not have been required to obtain or keep documentation to demonstrate that PB was over 18. Therefore, the fact that PB was engaged in sexually explicit conduct when Defendants filmed her is an essential fact, if not *the essential fact*, to which Francis and Mantra stipulated to enter their guilty pleas and that would have been necessary to establish a conviction following a contested trial.

Further, PB is clearly engaged in sexually explicit conduct in the footage. "Sexually explicit conduct" is defined in Section 2256(2) as follows:

> "sexually explicit conduct" means *actual or simulated*—
> (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
> (ii) bestiality;
> (iii) masturbation;
> (iv) sadistic or masochistic abuse; or
> (v) lascivious exhibition of the genitals or pubic area of any person;

(emphasis added). The footage shows mutual masturbation, either simulated or actual oral-genital sexual intercourse, masturbation, and multiple occasions of lascivious exhibitions of PB's and her minor friend's pubic area. *See*, *e.g.*, *U.S. v. Kemmerling*, 285 F.3d 644, 645-46 (8th Cir. 2002) (stating that a nude picture is "lascivious" if it is "sexual in nature," such as "when the focus of the image is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer."). This footage clearly and unequivocally contains sexually explicit conduct. (Doc. 295).

Defendants "evidence" that the activity was "simulated," assuming it were true,[2] is irrelevant as a matter of law. Instead of considering the footage, Defendants again rely on testimony of the other participant in PB's video footage who stated, "there was no actual sex act, they merely made it look like oral sex for the camera." (Motion, p. 10). In other words, the other participant testifies that she and PB *simulated* having oral sex. This is irrelevant. Simulated oral-genital sexual intercourse clearly constitutes sexually explicit conduct. 18 USC § 2256.

The case that Defendants cite in their motion, *Tilton v. Playboy Entertainment Group*, 554 F.3d 1371 (11th Cir. 2009), is distinguishable. In *Tilton*, the Eleventh Circuit found no sexually explicit conduct present and affirmed the denial of Tilton's sexual exploitation of a minor claim. *Tilton*, 554 F.3d at 1376-77. In the instant case, there is

---

[2] The footage demonstrates that the minors are engaged in actual oral sex.

overwhelming evidence that PB engaged in sexually explicit conduct and as such, *Tilton* does not support the Motion.

The truth is, the fact that PB is engaging in sexually explicit conduct in the footage is an established matter of fact for purposes of this litigation. At a *minimum*, the footage itself and the Defendants' criminal pleas create a genuine issue of material fact that requires this Court to deny the Motion.

> D. **At A Minimum, There Are Genuine Issues Of Material Fact As To PB And PV'S Claims For Coercion Into Prostitution.**

First, Defendants again attribute claims to Plaintiffs who do not bring them in an effort to create more paper and waste time. In their Motion, Defendants argue that PJ and PS cannot prove a coercion into prostitution because they "merely flashed their breasts." (Motion, p. 14). Again, Plaintiffs J and S have not brought a coercion into prostitution claim which a brief review of the Amended Complaint shows. *Only* PB and PV have brought actions against the Defendants for coercion into prostitution. (Amended Complaint, ¶¶ 90-93). Defendants' motion ignores the Amended Complaint.

Defendants argue that PB and PV's claims for coercion into prostitution must fail because PB and PV cannot demonstrate they engaged in "sexual activity" under the statute. (Motion, p. 15). This argument, again, requires this Court to ignore the key evidence in this case – the footage and Defendants' criminal pleas. Francis and Mantra's federal and state criminal pleas *admit* that PB and PV engaged in sexual activity under the Florida statute. The evidence actually demonstrates that PB and PV were engaged in "sexual activity." At a bare minimum, this evidence creates a genuine issue of material fact.

PB and PV's claims for coercion into prostitution certainly pass summary judgment. Section 796.09, Florida Statutes, gives "[a] person [ ] a cause of action for compensatory and punitive damages against [a] person who coerced that person into prostitution . . . ." § 796.09(1)(a), Fla. Stat. "Prostitution" is defined as "the giving or receiving of the body for sexual activity for hire . . . ." § 796.07(1)(a), Fla. Stat. "Sexual activity" is defined as:

> [O]ral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation . . . .

§ 796.07(1)(d), Fla. Stat.

Both PB and PV engaged in "sexual activity." Defendants, again, have admitted as much. Mantra and Francis admitted that PB was engaged in actual sexually explicit conduct under the federal statutes, a definition similar to "sexual activity" under the Florida statute. Further, PB's footage, shows digital and vaginal penetration and masturbation of PB. (Doc. 295). Since there was "vaginal penetration of another by any other object" and "the handling or fondling of the sexual organ of another for the purpose of masturbation," PB's conduct in the footage unequivocally meets the definition of "sexual activity."

Defendant Francis has also already admitted to coercing PV into prostitution. Francis pled no contest and was adjudicated guilty for violation of Section 796.07(2)(f), Florida Statutes. (Pls.' Counterstatement of Facts, ¶ 6). This provision makes it unlawful "[t]o solicit, induce, entice, or procure another to commit prostitution . . . ." § 796.07(2)(f), Fla. Stat. The factual basis for one of the counts of procurement for

prostitution for which Francis was adjudicated guilty is also the basis for PV's allegation in this case that Francis forced her to masturbate him. This is evidenced by the transcript of his plea and sentencing hearing held on March 12, 2008 when the following exchange occurred:

> MR. GRAHAM: In Count 19, same Defendant [Francis], on same date and time [March 31, 2003], did unlawfully, knowingly and willfully solicit, induce, or procure another, to wit: V.B. [PV in this civil case] to commit prostitution.
>
> THE COURT: Okay. And those are initials for people's names?
>
> MR. GRAHAM: That's correct, the minors.
>
> THE COURT: All right. Do you stipulate to those facts for purposes of the plea only and also agree that there's a factual basis on the misdemeanor charges, Mr. Black?
>
> MR. BLACK: Yes, we do, Your Honor.
>
> THE COURT: All right, Mr. Francis, any other questions about the procedures we are going though?
>
> THE DEFENDANT [JOE FRANCIS]: Nope.

(Pls.' Counterstatement of Facts, ¶ 7).

This plea of no contest and adjudication of guilt estops Francis, pursuant to Section 772.14, Florida Statutes, from defending PV's allegations that she was unlawfully procured for prostitution. Section 772.14 states as follows:

> A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter . . . shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.

The Supreme Court has held that this statute applies to an adjudication of guilty after a plea of nolo contendere. *Starr Tyme v. Cohen*, 659 So. 2d 1064, 1066 (Fla. 1995).

Utterly ignoring that Francis was adjudicated guilty for forcing PV to masturbate him, Francis asserts that PV's claim for coercion into prostitution fails because PV testified that she did not touch Francis' penis and therefore, no "sexual activity" occurred. (Motion, p. 14). To make this argument, Defendants mischaracterize PV's testimony. When describing the circumstances surrounding the masturbation of Francis, PV testified:

> Q. And eventually did you jack him off? Did you start grabbing his penis yourself?
>
> A. No. With his hands.
>
> Q. What do you mean with his hands?
>
> A. He had my hand and was doing it to himself.
>
> Q. You weren't rubbing on the penis yourself?
>
> A. No.

(Pls.' Counterstatement of Facts, ¶ 8). Defendants try to tell this Court this exchange means PV never physically masturbated Francis. They seem to argue that this exchange means that Francis was holding PV's hand with his left hand while masturbating himself with his right. This interpretation is not supported by PV's testimony and is a mischaracterization of the record.

PV never testified that she did not touch Francis' penis, she testified that she *did not do so willingly*, *i.e.*, Francis took her hand and made her masturbate him by placing her hand on his penis and controlling her hand's movements. This *certainly* constitutes "sexual activity," as PV handled Francis' penis for the purpose of masturbation.

Defendants further argue that PB's claim for coercion into prostitution fails because there is no evidence the Defendants hired PB to engage in sexual activity. (Motion, p. 14). Like Defendants other claims, this is directly contradicted by the record. The record demonstrates that Defendants paid PB and her friend $200 to be videotaped while engaging in the aforementioned sexual activity. (Pls.' Counterstatement of Facts, ¶ 9). Thus, these circumstances meet the definition of prostitution because PB gave her "body for sexual activity for hire . . . ." There is no requirement found in the statutory scheme or case law, as Defendants want this Court to believe, that PB had to have sexual contact with any of the Defendants or Defendants' personnel to maintain a claim for coercion into prostitution.

Defendants finally claim that the coercion into prostitution claim fails because there is no evidence that PB and PV were "coerced." (Motion, pp. 15-16). This is not true, and an argument that this Court has already considered and rejected. (Doc. 66). In their Motion for Judgment on the Pleadings, Defendants' argued that the allegations that PB received $100 and PV received $50 for their conduct was legally insufficient to constitute coercion. (Doc. 48, p.20). This Court, in its Order denying Defendants' Motion for Judgment on the Pleadings, already rejected this argument and specifically found that Plaintiffs "sufficiently stated the required legal elements and alleged sufficient facts for claims of . . . coercion into prostitution under §796.09, Florida Statutes . . . ." (Doc. 66, p. 1). No new facts have come to light which require this Court to revisit this decision. Defendants are regurgitating arguments this Court has considered and rejected.

PB and PV were coerced. "Coercion" is defined under Section 796.09(3) as "any practice of domination, restraint, or *inducement for the purpose of* or with the reasonably

foreseeable effect of causing another person to engage in . . . prostitution . . . ." (emphasis added). The statutory definition of coercion includes a *limited* list of examples of coercion. One such example is the "[p]romise of greater financial rewards;" another is "pornographic performance . . ." § 796.09(3)(i), Fla. Stat.

In her deposition, PV testified that after she touched Francis' penis but before he had been "jacked [ ] off," Francis told PV and her friend that if they would masturbate him, he would give them $100. (Pls.' Counterstatement of Facts, ¶ 10). After Francis was masturbated to orgasm, he gave PV and her friend $100. (Pls.' Counterstatement of Facts, ¶ 11). These circumstances meet the statutory definition of coercion for they establish a practice of inducement for the purpose of causing PV to engage in prostitution. Additionally, the circumstances meet one of the statutory examples of coercion for Francis promised PV "greater financial rewards." PV was a 16 year old high schooler, and $100 was a significant sum.

The same can be said as to PB's claim for coercion into prostitution. When Defendant filmed PB engaging in sexually explicit conduct, they promised her and her minor friend that if they did as Defendants instructed them and engaged in sexually explicit conduct, they would be given $200. (Pls.' Counterstatement of Facts, ¶ 12). There are multiple times in the footage in which the $200 is discussed, including discussions regarding how long PB must perform and what sex acts she and her minor friend must perform to be eligible for the $200. (Pls.' Counterstatement of Facts, ¶ 13). Thus, PB's circumstances also meet the statutory definition of coercion. At the very least, PB and PV's circumstances raise genuine issues of material fact requiring this Court to deny Defendants' motion.

Repeating an argument from the motion for judgment on the pleadings this Court already rejected, Defendants cite the concurring opinion in *Balas v. Ruzzo*, 703 So. 2d 1076 (Fla. 5th DCA 1997) to argue that there is no evidence of coercion. As this Court is well aware, a concurring opinion is dicta and is not binding on this Court. Defendants cite nothing from the actual opinion in *Balas* which demonstrates that Plaintiffs' coercion into prostitution claim is deficient. The only issue before the *Balas* court was the propriety of some interrogatories that the defendants propounded. The *Balas* court did not evaluate the coercion into prostitution claim at all. Like it has already done, this Court therefore should not rely on a concurrence from *Balas*.

> **E.   Defendants' Arguments That The Federal And Florida RICO Claims Fail Due To The Lack Of "Sexually Explicit Conduct," "Sexual Conduct" And "Sexual Performance" Are Not Supported By The Record.**

Defendants have argued in their Motion that Plaintiffs' Federal RICO claim found in Count III of the Amended Complaint fails because there allegedly is no evidence of "sexually explicit conduct." (Amended Complaint, pp. 9-11). As discussed at length above, this is not true. If anything, the evidence actually demonstrates PB engaged in sexually explicit conduct under § 2256 in the footage.

Plaintiffs alleged in their federal RICO count a number of acts that constitute a "pattern of racketeering activity." (Amended Complaint, pp. 13-14). These include, but are not limited to, promoting and producing minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2251 and 2252, knowingly mailing obscene matter in violation of 18 U.S.C. § 1461, and knowingly using a common carrier to carry interstate images that constitute obscene motion pictures in violation of 18 U.S.C. § 1462. These

violations all constitute "racketeering activity" as that term is defined under RICO's statutory scheme. 18 U.S.C. § 1961(1)(B).

Contrary to Defendants' assertions, there is quite a bit of evidence in this case that such violations occurred. In their Motion, Defendants again attack the conduct underlying the alleged violations of 18 U.S.C. §§ 2251 and 2252 by arguing that there is no "sexually explicit conduct" to support such a violation and as such, the federal RICO claim fails. As discussed at length above, the footage in which PB appears is sexually explicit and Defendants have admitted as much. Since there is sexually explicit conduct present, or at the very least a fact question regarding whether the conduct at issue is sexually explicit, Defendants' argument to the contrary should fail; as a result, their argument that Plaintiffs' federal RICO claim is barred is without merit.

The same can be said for Defendants' position as to Plaintiffs' claim under Florida's RICO statutory scheme found in Chapter 772, Florida Statutes. There, again, Defendants' position is that Plaintiffs' Florida RICO count fails because of a lack of "sexual conduct" or a "sexual performance." (Motion, p. 11). In Count IV, Plaintiffs' allege that Defendants engaged in criminal activity in the following manner: unlawfully promoting the sexual performance of a minor in violation of Section 827.071(3), Florida Statutes; employing a minor to engage in a sexual performance in violation of § 827.071(2), Florida Statutes; and procuring minors PB and PV for prostitution or causing them to be prostituted in violation of § 796.03, Florida Statutes. (Amended Complaint, pp. 16-17).

In their Motion, Defendants argue that Plaintiffs cannot prevail because they cannot prove that Defendants violated Section 827.071 when they filmed PB because there is no evidence of "sexual conduct" in the case. (Motion, p. 12).

Like "sexually explicit conduct" under the federal statute, there is overwhelming evidence in the record that PB engaged in "sexual conduct." "Sexual conduct" is defined as:

> [A]ctual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.

§ 827.071(1)(g), Fla. Stat. As set forth above, the footage clearly demonstrates that PB engaged in actual or simulated sexual intercourse, masturbation, actual lewd exhibition of the genitals, and had actual physical contact with a person's unclothed genitals, pubic area, and breast. (Doc. 295). There is also evidence that Francis coerced PV into prostitution, including an adjudication that Francis is guilty of forcing PV to masturbate him. Like Defendants' other arguments, Defendants' argument that there is no evidence of sexual conduct to support Plaintiffs' Florida RICO count requires the court to *literally ignore* the key evidence in the record.

Plaintiffs' Florida RICO claim contained in Count IV of the Amended Complaint is brought pursuant to Section 772.104, Florida Statutes, which provides a civil cause of action to victims of statutorily delineated criminal activity. One of the alleged criminal activities undertaken by the Defendants that is part of the foundation for Plaintiffs'

Florida RICO claim is unlawfully procuring PV for prostitution. (Amended Complaint, ¶ 85c). Such activity is "criminal activity" that qualifies as a basis for a Florida RICO claim. § 772.102(1)(a)17, Fla. Stat. (citing § 796.03, Fla. Stat.). Due to Francis' adjudication of guilt for procuring PV to commit prostitution, Section 772.14 estops Francis from denying Plaintiffs' allegations in their Florida RICO claim that PV was procured for prostitution in violation § 796.03. Therefore, the allegation of criminal activity pertaining to PV found in paragraph 85c of the Amended Complaint is established for purposes of Plaintiffs' Florida RICO claim.

Defendants' also allege in their Motion that Plaintiffs' Florida RICO claim fails because there is no claim for coercion into prostitution underlying said RICO claim. (Motion, pp. 17). However, as discussed at length above, Plaintiffs' have evidence that their claims meet all elements of a claim for coercion into prostitution. As such, Defendants' argument should fail.

Finally, Defendants cite *Breitfeller v. Playboy Entertainment Group, Inc.*, 2005 WL 2088418 (M.D. Fla. 2005) to argue that plaintiff's federal and Florida RICO claims fail. *Breitfeller* is inapposite. In *Breitfeller*, the plaintiffs participated in wet t-shirt contests and in doing so, plaintiff Breitfeller exposed her "uncovered breasts, areolae, buttocks, and pubic area" while plaintiff Gautreaux "exposed her uncovered breasts, areolae, buttocks, pubic area, anus, and vagina." *Breitfeller*, 2005 WL 2088418 *1. They sued a number of defendants and alleged several causes of action, including Florida RICO claims based upon assertions that the defendants engaged in an enterprise that produced and distributed sexually explicit images of minors. *Id.* at 2. Plaintiffs' claims were dismissed, in pertinent part, because there was only *one* violation of Florida or

federal law underlying plaintiffs' RICO claims. *Id.* at 4. Thus, there was not a "pattern of racketeering activity" or "pattern of criminal activity" to fix liability under the plaintiffs' RICO claims.

In contrast, in the instant case, both Plaintiffs' federal and Florida RICO claims allege multiple violations of federal and Florida law that are supported by evidence discussed above. Therefore, *Breitfeller* does not support granting the Motion.

### III.   Conclusion

For these reasons, Defendants' motion for summary judgment should be denied.

Respectfully submitted,

 /s/ Rachael G. Pontikes_____
Larry Selander
Thomas G. Dent
Rachael G. Pontikes
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603
(312) 499-6700
Fax: (312) 499-6701

and

D. Ross McCloy, Jr.
Robert A. Fleming
Harrison, Sale, McCloy,
   Duncan & Jackson, Chtd.
Florida Bar No. 0262943
Post Office Drawer 1579
Panama City, FL 32402
(850) 769-3434
Fax:  (850) 769-6121

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 8, 2009, she caused a copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment as to Counts I, III, IV and V of the Amended Complaint to be served by e-mail through the courts electronic filing system upon:

>Frederick Bateman
>Bateman and Harden
>401 E. Virginia Street
>Tallahassee, FL  32301

/s/ Rachael G. Pontikes_____