**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**PLAINTIFF B, et al,**

      **Plaintiffs,**

**vs.**                                                                                  **CASE NO. 5:08cv79-RS/AK**

**JOSEPH R. FRANCIS, et al,**

      **Defendants.**

                                 **/**


**<u>O R D E R</u>**

Presently before the Court is Defendants' Objection to Magistrate's Sua Sponte Order, Motion for Reconsideration of Court's Order, or, In the Alternative, Motion to Stay Magistrate Judge's Order Pending Resolution of Matter on Appeal.  (Doc. 261). Plaintiffs have responded.  (Doc. 272).  The motion, including the alternative relief sought, is **DENIED**.

It is incredulous for Defendants to claim that they were denied the opportunity to be heard on the attorneys fee issue when they were offered **two** opportunities to object to the reasonableness of the fees sought.  In an order dated June 11, 2009, Defendants were advised that they may, within ten days of the filing of the Affidavit filed by Plaintiffs, object to the fees sought. (Doc. 176).   The affidavit was filed on June 19, 2009, fully apprising Defendants of the hours spent and hourly rate sought by the Plaintiffs.  (Doc. 196). **No objections were filed.**

Then, after a hearing with Judge Smoak, another Order was entered on July 15, 2009, giving Defendants through August 3, 2006, to object to the fees and expenses sought. (Doc. 225). **No objections were filed.**

Despite the fact that Defendants had made **no** objections to the fees requested, the Court conducted an independent review and requested additional information it found necessary to make an informed and fair decision. If the Order requesting this additional information was meant to reopen the issue and give Defendant a **third** opportunity to object, it would have stated so specifically. Such an invitation would not be open-ended or left to interpretation in this case fraught as it has been with discovery problems and with trial dates and other important deadlines fast approaching. Despite defense counsel's "shock and awe" that the magistrate judge formed his own opinion on the hourly rate, as the cases cited in the Court's previous order provide, it is entirely proper for a court to utilize it own resources to make such a determination. See e.g. Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988). Finally, the Court's discussion of the proceedings in this case, (characterized as "disturbing," "conclusory" and "telling"), is entirely accurate, supported by the court record, and reflects no hidden bias, and the insinuation otherwise is unfounded.

Further, the request for a stay pending appeal is **DENIED.** Defendants offer no case law to support imposition of a stay, and the case law in the Eleventh Circuit provides that orders awarding attorneys' fees as sanctions for discovery abuses are not appealable until after final judgment, except in limited circumstances not applicable here. See Robinson v. Tanner, 798 F.2d 1378, 1380 (11th Cir. 1986) (discovery orders

**No. 5:08cv79-RS/AK**

appealable only where sanctions involve dismissal of the suit or the denial or grant of an

injunction).

**DONE AND ORDERED** this **27**_th_ day of October, 2009.


**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**