**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**PLAINTIFF B; PLAINTIFF J;
PLAINTIFF S; and PLAINTIFF V,**

    Plaintiffs,

vs.                        CASE NO. 5:08-cv-79/RS-AK

**JOSEPH R. FRANCIS; MRA HOLDINGS,
LLC; MANTRA FILMS, INC.; and AERO
FALCONS, LLC,**

    Defendants.

_____/

## ORDER

Before me is Defendants' Motion for Summary Judgment and Renewed Motion for Judgment on the Pleadings (Doc. 191) and Plaintiffs' Response (Doc. 209). Defendants' Motion is **denied**.

### I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the

court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

I accept the facts in the light most favorable to the Plaintiffs. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

On June 26, 2008, Plaintiffs filed their amended complaint against Defendants, alleging a class action against Defendants on five counts: sexual

exploitation under 18 U.S.C. §2251, intentional infliction of emotional distress, a federal RICO claim for damages and injunctive relief, a Florida RICO claim for damages and injunctive relief, and claim for coercion into prostitution in violation of Florida Statute §796.09.  Plaintiffs asserted jurisdiction under federal subject matter jurisdiction in their amended complaint and invoked diversity and supplemental jurisdiction with their Notice of Supplemental Jurisdictional Statement (Doc. 17).  On November 19, 2008, I denied class certification (Doc. 61).  On November 19, 2009, I granted summary judgment for the Defendants on Count III of the complaint based on the statute of limitations (Doc. 339).

### III. ANALYSIS

#### A. Class Certification

Defendants' claim that Plaintiffs' complaint must be dismissed since it was not amended after the denial of class certification is **denied.**  However, although not addressed in Defendants' motion, Plaintiffs' claim for injunctive relief under Count IV is **dismissed** consistent with the ruling denying class certification. (Doc. 61).  The claim for damages under Count IV remains.

#### B. Count I

Defendants' motion for summary judgment on Count I is **denied**.

#### C. Count III

Defendants' motion for summary judgment on Count III is **denied as moot**.

### D.  Count IV

Defendants' motion for summary judgment on Count IV is **denied**.

### E. Jurisdiction

Defendants' motion to dismiss Counts II and V for lack of jurisdiction is **denied**.  Diversity jurisdiction is proper under 28 U.S.C. 1332, and supplemental jurisdiction is proper under 28 U.S.C. §1367, because the state claims arise out of the same conduct as the federal claims.

## IV. CONCLUSION

Plaintiffs' claim for injunctive relief in Count IV of the amended complaint is **dismissed**.  Defendants' Motion for Summary Judgment is **denied.**

**ORDERED** on January 8, 2010.

                                        **/s/ Richard Smoak**
                                        **RICHARD SMOAK**
                                        **UNITED STATES DISTRICT JUDGE**