IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PLAINTIFF B; PLAINTIFF J;
PLAINTIFF S; and PLAINTIFF V,

    Plaintiffs,

vs.                              CASE NO. 5:08cv79/RS-AK

JOSEPH R. FRANCIS; MRA HOLDINGS,
LLC; MANTRA FILMS, INC.; and
AERO FALCONS, LLC,

    Defendants.
_____/

**DEFENDANTS' EMERGENCY MOTION TO COMPEL PRODUCTION OF RECENTLY DISCOVERED PORNOGRAPHIC IMAGES OF PLAINTIFF AND SUPPLEMENTAL ANSWERS TO DEFENDANTS' INTERROGATORIES AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

    Defendants, Joseph R. Francis, MRA Holdings, LLC, Mantra Films, Inc., and Aero Falcons, LLC, hereby move this Court to compel the Plaintiffs to immediately produce recently discovered pornographic images of one of the Plaintiffs and to supplement Plaintiffs' Answers to Defendants' Interrogatories in which Plaintiffs denied such images existed, and in support state:

**Facts:**

    1.    On January 6, 2010, two days before the close of discovery, Defense counsel received a telephone call from Plaintiffs' counsel advising that Plaintiffs' counsel had just learned that one of the Plaintiffs has appeared in two pornographic films despite having denied this in depositions and responses to interrogatories.

    2.    The Defendants believe that this information was just revealed to the Defendants on the eve of trial because the Plaintiffs thought Defendants were already

aware of it.  They were not.  However, the Defendants have become aware of similarly damaging evidence relating to one of the other Plaintiffs.

3. Therefore, this appears to be a disturbing pattern among the Plaintiffs and one that this court should not tolerate particularly since Defense counsel specifically requested such information over eight months ago in properly served discovery.

4. On April 14, 2009, Defense counsel propounded interrogatories upon the Plaintiffs, including Plaintiff B.  Among the Defendants' interrogatories was the following question:

> Please state if you have appeared in any other videotapes or films other than those at issue in this cause within the last ten (10) years.  As to each video or film, please describe its contents and state when it was created, by whom it was created, and who has possession of the videotape or film.

5. On May 19, 2009, Plaintiff B's answer to the above-referenced interrogatory was served upon Defense counsel.  It reads as follows:

> **ANSWER:**   Plaintiff B has appeared in the movies Starsky and Hutch and Spiderman Two as an extra.  Her image may also have been captured on family and friends' home videos, but, she has none in her possession or control and does not know whether any exist.

6. In the nearly eight months that have passed since the above discovery responses, Plaintiff B has not filed any supplemental interrogatory responses.  Moreover, she was deposed for the first time after the interrogatories were served and for the second time after her answer was served.  Despite these opportunities, she has not corrected this important point.

7. Since making Defense counsel aware of these videos, counsel for Plaintiffs has stated that they intend to supplement their interrogatory answer.  Yet, to date, they have not done so.

8.      It is imperative that copies of these images and any related documentation be produced to Defense counsel immediately as Plaintiff B's third deposition as ordered by this court during the November 20, 2009 hearing is scheduled to take place on January 20, 2010.  Defense counsel is entitled to question the Plaintiff about this matter and intends to do so.

**Argument:**

Defendants are entitled to this new evidence and supplementation of the Plaintiffs' interrogatories pursuant to Rule 26(e)(1), Federal Rules of Civil Procedure which reads as follows:

> (e) Supplementation of Disclosures and Responses.
>     (1) In General.
> A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

**Fed. R. Civ. P. 26(e)(1).**

Moreover, Defendants have complied with Local Rule 26.2 in that they have quoted the applicable interrogatory and response verbatim.

WHEREFORE, the Defendants request an Order that:

A.      Plaintiffs' counsel immediately supplement Plaintiff B's interrogatory answers with all requested information about these two films;

B.      Plaintiffs' counsel immediately produce copies of the two pornographic films in which Plaintiff B has appeared, any other video images of her and any related documentation;

3

      C.      The costs, including attorneys' fees, incurred by the Defendants in seeking this relief, be granted to the Defendants; and

      D.      For such other and further relief as this Court deems appropriate.

      /s/ Frederick L. Bateman, Jr.
FREDERICK L. BATEMAN, JR.
Florida Bar No. 0398901
BATEMAN HARDEN, PA
401 East Virginia Street
Tallahassee, Florida 32301
(850) 222-1020 - Telephone
(850) 222-2188 - Facsimile

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.1 of the Rules of the U.S. District Court for the Northern District of Florida, the undersigned has attempted to resolve this matter with opposing counsel. Counsel was unable to resolve this issue.

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2009 the foregoing document was served upon the following by electronic mail through the Court's CM/ECF system to the following:

Larry Selander
Rachael G. Pontikes
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603

D. Ross McCloy, Jr.
Robert A. Fleming
Harrison, Sale, McCloy,
    Thompson, Duncan & Jackson, Chtd.
PO Drawer 1579
Panama City, FL 32402

4

Charles E. Coble
Brooks, Pierce, McLendon
  Humphrey & Leonard, L.L.P
150 Fayetteville Street
Suite 1600
Raleigh, NC  27601

John A. Bussian
The Bussian Law Firm, PLLC
150 Fayetteville Street
Suite 1600
Raleigh, North Carolina  27601

      /s/ Frederick L. Bateman, Jr.
Frederick L. Bateman, Jr.