# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

PLAINTIFF B; PLAINTIFF J;
PLAINTIFF S; and PLAINTIFF V,

      Plaintiffs,

vs.                             CASE NO. 5:08-cv-79/RS-AK

JOSEPH R. FRANCIS; MRA HOLDINGS,
LLC; MANTRA FILMS, INC.; and AERO
FALCONS, LLC,

      Defendants.

_____/

## ORDER

Before me is Defendants' Motion for Summary Judgment as to Counts I, III,

IV, and V of the Amended Complaint (Doc. 275) and Plaintiffs' Response (Doc.

298). Defendants' Motion is **denied** in part and **granted** in part.

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is

"whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).

The moving party has the burden of showing the absence of a genuine issue as to

any material fact, and in deciding whether the movant has met this burden, the

court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

## II. BACKGROUND

Plaintiffs brought an action against Defendants on five counts: sexual exploitation under 18 U.S.C. §2251, intentional infliction of emotional distress, a federal RICO claim, a Florida RICO claim for violations of Fla. Stat. §827.071, and claim for coercion into prostitution in violation of Florida Statute §796.09. On November 19, 2009, I granted summary judgment for the Defendants on Count III of the complaint based on the statute of limitations (Doc. 339).

The incidents giving rise to Plaintiffs' claims vary. Plaintiff B was recorded in a hotel room with another female. That video footage has been filed under seal and is part of the record (Doc. 295). The incident involving Plaintiffs J and S, and one of the incidents involving Plaintiff V, were also recorded and the footage made part of the record (Doc. 362). Because these videos capture most of the actions at issue, I need not rely on the parties' descriptions of these events and will view

those facts "in the light depicted by the video." *Baker v. Moskau,* 335 Fed. Appx. 864 (11th Cir. 2009), citing *Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 1776 (2007).

As for the incidents that were not recorded, I must accept the facts in the light most favorable to the Plaintiffs. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

## III. ANALYSIS

### A. Count I

Defendants' motion for summary judgment on Count I is **denied.**

### B. Count III

Defendants' motion for summary judgment on Count III is **denied as moot**.

### C. Count IV

It is unclear whether Count IV is alleged by all Plaintiffs or only some. The amended complaint states that all Plaintiffs bring Count IV, but the criminal activity alleged only involves Plaintiffs B and Plaintiff V. (Doc. 7, ¶¶83, 85.) However, I will analyze all four Plaintiffs' claims under Count IV.

Defendants argue that Count IV fails for lack of "sexual conduct" or "sexual performance" by the Plaintiffs. The entire video footage of Plaintiffs J and S that is the subject of Count IV lasts a mere twenty-one seconds, and the actual exposure of their breasts lasts only seconds for each girl. Throughout the footage the Plaintiffs are seated in a vehicle driving past the camera. With them in the car are two other females, including the older sister of one of the Plaintiffs. Plaintiffs J and S and one of the other females in the vehicle quickly lift up their bathing suit tops once each for mere seconds. There is no sign of coercion and everyone is all smiles in the footage.

The footage of Plaintiff V is approximately five minutes in length, and she appears to be in an unimproved parking lot behind a building. No one else is shown in the footage with her. Although she exposes her breasts several times in the footage, each time it is only seconds. This is in stark contrast to the extremely lengthy video footage of Plaintiff B.

Florida Statute §827.071(g) defines sexual conduct as:

> "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party. . .".

"Sexual performance" means any performance which includes "sexual conduct" by a child of less than 18 years of age. Fla. Stat. §827.071(h).

As defined by §827.071, exposure of breasts is not "sexual conduct." *See*

*Breitfeller v. Playboy Entertainment Group, Inc.*, 2005 WL 2088418 *4 (M.D.

Fla.). A plain reading of §827.071(h) indicates that exposure of breasts is not

sexual conduct, and thus it is also not a "sexual performance" under §827.071(h).

Therefore, summary judgment is **granted** for the Defendants on Count IV as to the

claims of Plaintiff J and Plaintiff S and as to the claim of Plaintiff V as to the

recorded incident of her exposing her breasts. Their actions were not sexual

conduct as a matter of law. Fla. Stat. §827.071(g). Summary judgment for

Defendants is **denied** on Count IV as to the claims of Plaintiff B and the claims of

Plaintiff V as they relate to the unrecorded incident alleged to have occurred

between her and Defendant Joseph Francis.

### D. Count V

Defendants' motion for summary judgment as to Count V is **denied**.

### IV. CONCLUSION

The claims of Plaintiff J and Plaintiff S in Count IV are **dismissed**. Plaintiff

V's claim in Count IV as to the incident recorded of her exposing her breasts is

**dismissed,** but her claim in Count IV remains as it relates to the unrecorded

alleged incident between her and Defendant Francis**.** The rest of Defendants'

motion for summary judgment is **denied.**

**ORDERED** on January 15, 2010.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**