IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PLAINTIFF B; PLAINTIFF J;
PLAINTIFF S; and PLAINTIFF V,

    Plaintiffs,

vs.                                    CASE NO. 5:08cv79/RS-AK

JOSEPH R. FRANCIS; MRA HOLDINGS,
LLC; MANTRA FILMS, INC.; and
AERO FALCONS, LLC,

    Defendants.
_____/

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF B TO PROVIDE MORE COMPLETE ANSWERS TO DEFENDANTS' INTERROGATORIES AND MOTION FOR SANCTIONS

Defendants, Joseph R. Francis, MRA Holdings, LLC, Mantra Films, Inc., and Aero Falcons, LLC, hereby move this Court to compel Plaintiff B to immediately produce additional information about her recently revealed pornographic images and to supplement Plaintiffs' Answers to Defendants' Interrogatories in which she originally denied such images existed, and move for sanctions, and in support state:

### Facts

1.    On January 6, 2010, Defense counsel received a telephone call from Plaintiffs' counsel advising that Plaintiffs' counsel had just learned that one of the Plaintiffs has appeared in two pornographic films despite having denied this in depositions and responses to interrogatories.

2. Back on April 14, 2009, Defense counsel propounded interrogatories upon the Plaintiffs, including Plaintiff B. Among the Defendants' interrogatories was the following question (Interrogatory 16):

> Please state if you have appeared in any other videotapes or films other than those at issue in this cause within the last ten (10) years. As to each video or film, please describe its contents and state when it was created, by whom it was created, and who has possession of the videotape or film.

3. On May 19, 2009, Plaintiff B's answer to the above-referenced interrogatory was served upon Defense counsel. It reads as follows:

> **ANSWER:** Plaintiff B has appeared in the movies Starsky and Hutch and Spiderman Two as an extra. Her image may also have been captured on family and friends' home videos, but, she has none in her possession or control and does not know whether any exist.

4. On January 11, 2010, Defendants filed their Emergency Motion to Compel Production of Recently Discovered Pornographic Images of Plaintiff and Supplemental Answers to Defendants' Interrogatories and Memorandum in Support Thereof.

5. On January 12, 2010, the Plaintiffs served upon Defense counsel Plaintiff B's Supplemental Answer to Defendants' Interrogatories ("Plaintiff B's First Supplemental Answer") which reads as follows:

> PB believes she was videotaped on one or two separate occasions in California subsequent to the incident alleged by her in the Amended Complaint. She believes this included sexually explicit conduct. She does not know where the taping took place or who created the video. She does not have a copy of any such video and does not know who does have a copy.

6. On January 13, 2010, Magistrate Judge Kornblum issued an order directing the Plaintiffs to "either (1) supplement their response to the interrogatory at issue answering all questions posed therein about the two films referenced in the phone

call OR (2) file a response to Defendants' motion setting forth why they cannot provide all or part of the information."

7. On January 13, 2010, Defense counsel advised Plaintiff's counsel that in view of the Magistrate Judge's order, they did not believe Plaintiff B's First Supplemental Answer to the interrogatory question was sufficient.

8. On January 14, 2010, Plaintiffs' counsel advised Defense counsel that they would file a second supplemental interrogatory response that afternoon. Plaintiffs' counsel did so and on January 14, 2010, served upon Defense counsel Plaintiff B's Second Supplemental Answer to Defendants' Interrogatories ("Plaintiff B's Second Supplemental Answer") which reads as follows:

> PB believes she was videotaped on two separate occasions at two separate studios in Los Angeles, California sometime in 2003. She believes this included sexually explicit conduct. She does not know the name or location of the studios or who created the video. She does not have a copy of any such video and does not know who does have a copy.

9. Plaintiff B's second supplemental answer is still incomplete and inadequate. First, it does not answer the question. Interrogatory 16 calls for Plaintiff B to "describe its contents . . ." Plaintiff B's response merely provides a general comment that she "<u>believes</u> this included sexually explicit conduct" without any specific information called for in the interrogatory or explanation as to what her response means. For example, why does Plaintiff B say that she believes she was videotaped? She either was or she wasn't. And why does Plaintiff B believe these two videotapes included sexually explicit conduct? How does she define sexually explicit conduct? If she believes they include such conduct, obviously she recalls what that conduct was (yet refuses to describe it). Also, if she recalls that the taping occurred on two separate

3

occasions at two separate studios in Los Angeles, how can she not know the name or location of either of these studios, yet know that they were not the same. Similarly, how can Plaintiff B claim that she does not know who created the videos when she does recall that they were taped on two separate occasions at two separate times at two separate locations? Why was she at these two separate studios on two separate occasions? Did she get paid for these videos? By whom? Was she paid by check? Who signed the checks? Did she deposit them? Were others filmed with her? There must be something more she can tell us about these videotapes. These are questions that anyone who claims that they had not been in such films before (which obviously was not true) should know.

10. Second, to the extent that Plaintiff B's supplemental answers to interrogatory sixteen attempts to object to the question on the ground that Plaintiff B does not have the information the question calls for, Plaintiff has waived this objection by failing to raise it within thirty (30) days of being served with Defendants' interrogatories. See Fed. R. Civ. P. 33(b)(4). Plaintiff B does not make this objection in her original answers to interrogatories. She cannot make it now.

11. Again, it is imperative that copies of these images and any related documentation be produced to Defense counsel immediately as Plaintiff B's third deposition as ordered by this court during the November 20, 2009 hearing is scheduled to take place on Wednesday, January 20, 2010. Defense counsel is entitled to question the Plaintiff about this matter and intends to do so.

## Argument

Plaintiff B's supplemental answers to interrogatory 16 (the first one and the current one) still suffer from the same insufficiencies as the original. They do not answer

the questions posed. Defendants are entitled to this evidence and supplementation of the Plaintiffs' interrogatories pursuant to Rule 26(e)(1), Federal Rules of Civil Procedure which reads as follows:

> (e) Supplementation of Disclosures and Responses.
>    (1) In General.
> A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

**Fed. R. Civ. P. 26(e)(1).**

As to Plaintiff B's attempts to avoid clear answers, the rules are very clear. The objecting party shall answer the interrogatory to the extent that it is not objectionable. See Fed. R. Civ. P. 33(b)(1). Also, objections to any interrogatory must be stated specifically, and unless such objection is stated within the thirty (30) days permitted for answers to be served upon the requesting party, such objections are deemed waived unless the failure to object is excused by the court for good cause shown. Fed. R. Civ. P. 33(b)(3) and (4). There can be no good cause for Plaintiff B to first withhold this important information and then many months later seek to avoid answering the question because she allegedly does not have the information called for. Moreover, Defendants have complied with Local Rule 26.2 in that they have quoted the applicable interrogatory and response verbatim.

The Defendants are also entitled to sanctions for having to bring this motion to compel. Rule 33(b)(5), Federal Rule of Civil Procedure provides that a party submitting interrogatories may move for an order under Rule 37(a) with respect to any objection to

or other failure to answer an interrogatory. Rule 37(a)(4)(A) provides for the award of expenses and sanctions when a party must bring a motion to compel.

The rule states in part as follows:

> If the [motion to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

**Fed. R. Civ. P. 37(a)(4)(A).**

Indeed, the rules direct that the court shall impose sanctions against the unsuccessful party under a motion to compel unless the nondisclosing party's objection was "substantially justified" or "that other circumstances make an award of expenses unjust." Id.; see Fed. R. Civ. P. 37(a), Advisory Committee Notes to 1970 Amendment; WRIGHT, MILLER & MARCUS, 8A FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2288 (2006) ("The greatest operative principle of Rule 37(a)(4) is that the loser pays."). Here, the Plaintiff B's blatant and deliberate failure to adequately answer Defendants' interrogatories was not "substantially justified" nor are there "other circumstances [that] make an award of expenses unjust." Moreover, Plaintiff B's two attempts at supplemental answers, provided after Defendants filed their initial motion to compel, would not allow Plaintiff B to avoid liability for sanctions even if the answers were adequate. See Fed. R. Civ. P. 37(a)(4)(A).

Plaintiff B's supplemental responses are inadequate, making an award of sanctions even more appropriate. Thus, the Defendants are entitled to fees and expenses incurred in bringing the instant motion to compel.

WHEREFORE, the Defendants request an Order that:

A.   Plaintiffs' counsel immediately supplement Plaintiff B's interrogatory answers with all requested information about these two films pursuant to Magistrate Judge Kornblum's order;

B.   Plaintiffs' counsel immediately produce copies of the two pornographic films in which Plaintiff B has appeared, any other video images of her and any other related documentation;

C.   The costs, including attorneys' fees, incurred by the Defendants in seeking this relief, be granted to the Defendants; and

D.   For such other and further relief as this Court deems appropriate.

/s/ Frederick L. Bateman, Jr.
FREDERICK L. BATEMAN, JR.
Florida Bar No. 0398901
BATEMAN HARDEN, PA
401 East Virginia Street
Tallahassee, Florida 32301
(850) 222-1020 - Telephone
(850) 222-2188 - Facsimile

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Rule 7.1 of the Rules of the U.S. District Court for the Northern District of Florida, the undersigned has attempted to resolve this matter with opposing counsel. Counsel was unable to resolve this issue.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2009 the foregoing document was served upon the following by electronic mail through the Court's CM/ECF system to the following:

Larry Selander
Rachael G. Pontikes
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603

D. Ross McCloy, Jr.
Robert A. Fleming
Harrison, Sale, McCloy,
    Thompson, Duncan & Jackson, Chtd.
PO Drawer 1579
Panama City, FL 32402

Charles E. Coble
Brooks, Pierce, McLendon
  Humphrey & Leonard, L.L.P
150 Fayetteville Street
Suite 1600
Raleigh, NC  27601

John A. Bussian
The Bussian Law Firm, PLLC
150 Fayetteville Street
Suite 1600
Raleigh, North Carolina  27601

                                        /s/ Frederick L. Bateman, Jr.
                                        Frederick L. Bateman, Jr.