**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**PLAINTIFF B, et al,**

      **Plaintiffs,**

**vs.**                                     **CASE NO. 5:08CV79-RS/AK**

**JOSEPH R. FRANCIS, et al,**

      **Defendants.**

_____/

**O R D E R**

    Defendants have filed a motion to compel more specific information from Plaintiff B about two pornographic films she admittedly appeared in subsequent to the incident alleged in her Amended Complaint. (Doc. 401). It had been ordered on January 13, 2010, that specific information about these films be provided in a Supplement to Interrogatory No. 16 propounded by Defendants on April 14, 2009, which asked:

> Please state if you have appeared in any other videotapes or films other than those at issue in this cause within the last ten (10 Years. As to each video or film, please describe its contents and state when it was created, by whom it was created, and who has possession of the videotape or film.

    Plaintiff B initially responded by identifying Starsky and Hutch and Spiderman Two, in which she starred as an extra, but her attorney called counsel for the Defendant on January 6, 2010, to advise that he had learned of two other films, which were pornographic. Plaintiff B has provided supplemental information, the most recent of which was served on January 14, 2010, and which stated:

PB believes she was videotaped on two separate occasions at two separate studios in Los Angeles, California, sometime in 2003. She believes this included sexually explicit conduct. She does not know the name or location of the studios or who created the video. She does not have a copy of any such video and does not know who does have a copy.

Plaintiffs were directed by previous Order that they were to "either (1) supplement their response to the interrogatory at issue **answering all questions posed therein** about the two films referenced in the phone call **OR** (2) file a response to Defendants' motion setting forth why they cannot provide **all or part** of the information." (Doc. 394) (emphasis added).

Now, on the eve of Plaintiff B's third deposition a "bombshell" has been dropped, and the supplemental information provided is not even enough for **this** defendant to identify (and probably obtain) the films she has only recently recalled.

At this late date, even were the Court to grant Defendants' motion, insufficient time remains for the films to be obtained and reviewed prior to the deposition tomorrow. However, Plaintiff B and her attorneys should be prepared to be questioned exhaustively about the circumstances surrounding the making of these films, much like Defendant Francis was grilled about the financial information he claimed to know little about. The Court cannot strong-arm a witness into providing information they adamantly claim they do not have, but the party seeking the information is entitled to ask as much as they can to aid them in obtaining the information by other means or to build a record to show the jury that they tried.

Accordingly, it is

**ORDERED:**

**No. 5:08cv79-RS/AK**

Defendants shall seek the information requested in their motion to compel at the deposition of Plaintiff B and file an Amended Motion to Compel immediately after the conclusion of the deposition, detailing what, if any, information remains at issue in the motion presently pending. No written response from the Plaintiffs is necessary until the amended motion is filed. The issue of sanctions will be taken up after the motion, as amended, is fully briefed.

**DONE AND ORDERED** this _**19**$^{th}$_ day of January, 2010.


_**s/ A. KORNBLUM**_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**No. 5:08cv79-RS/AK**