# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**PLAINTIFF B; PLAINTIFF J;**
**PLAINTIFF S; and PLAINTIFF V,**

    Plaintiffs,

vs.                                             CASE NO. 5:08-cv-79/RS-AK

**JOSEPH R. FRANCIS; MRA HOLDINGS,**
**LLC; MANTRA FILMS, INC.; and AERO**
**FALCONS, LLC,**

    Defendants.
_____/

## ORDER

Before me are Plaintiffs' motion for summary judgment (Doc. 335) and Defendants' response (Doc. 361). Plaintiffs' motion is **granted** in part and **denied** in part.

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the

1

court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

Plaintiffs sued Defendants on five counts:

(1) sexual exploitation under 18 U.S.C. § 2251,

(2) intentional infliction of emotional distress,

(3) a federal RICO action under 18 U.S.C. § 1962 and § 1964,

(4) a Florida RICO action under Chapter 772 Florida Statutes, based on the predicate acts of violating Florida Statutes § 827.071 and §796.03, and

(5) coercion into prostitution in violation of Florida Statute § 796.09.

On November 19, 2009, I granted summary judgment for the Defendants on Count III of the complaint based on the statute of limitations (Doc. 339). I also granted partial summary judgment for Defendants on the claims of Plaintiff J and Plaintiff S in Count IV. (Doc. 400). Plaintiffs now move for partial summary judgment on Counts I, III, and IV of the complaint. Plaintiffs' motion does not address Count II or Count V.

I accept the facts in the light most favorable to the Defendants. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

### III. ANALYSIS

#### A. Count I

#### 1. Collateral Estoppel and Defendants' Guilty Pleas

Plaintiff B moves for summary judgment on Count I for sexual exploitation under 18 U.S.C. § 2251(a), § 2252(a)(1), and § 2252(a)(3)(B), and for a determination of damages under 18 U.S.C. § 2255. Plaintiffs argue that

Defendants Francis and Mantra are collaterally estopped from defending against Count I because of their guilty pleas in previous criminal cases.

Under the doctrine of collateral estoppel a party is precluded from litigating an issue if (1) the identical issue has been (2) actually litigated in a prior suit which (3) could not have been decided without resolving the issue. *Williams v. Bennett,* 689 F.2d 1370, 1381 (11th Cir. 1982). The use of a criminal conviction as conclusive of an issue in subsequent civil litigation is well established. *See Raiford v. Abney*, 695 F.2d 521, 523 (11th Cir. 1983). Because the government's burden of proof is higher in a criminal prosecution, and the defendant has greater procedural protections, a prior conviction is a sufficiently reliable determination of the relevant issue. *Id.* What issues were actually litigated in a previous matter is a factual question subject to the clearly erroneous standard. *Precision Air Parts, Inc. v. Avco Corp.,* 736 F.2d 1499, 1501 (11th Cir. 1984).

A guilty plea is an admission of all elements of the crime charged. *McCarthy v. U.S.,* 394 U.S. 459, 89 S.Ct. 1166, 1171 (1969). In addition, a federal court cannot enter judgment upon the plea unless it determines that a factual basis exists for it. Fed. R. Crim. P. 11(f). Therefore, a judgment based on a guilty plea is given the same collateral estoppel effect as any other criminal conviction: conclusive of all issues that would have been resolved by a conviction following a contested trial. *Raiford* at 523.

Defendants Francis and Mantra both pled guilty in federal court to violations of 18 U.S.C. § 2257(f)(1). Doc. 336-1, 336-2. Mantra also pled guilty to violations of § 2257(f)(4). *Id.* These guilty pleas were based on the incident involving Plaintiff B that is now the subject of this civil suit. *Id.* [1]

Section 2257(f)(1) provides in pertinent part: "it shall be unlawful . . . for any person to whom subsection (a) applies to fail to create or maintain the records as required by subsections (a) and (c) . . . ." Thus, an essential element of a conviction under § 2257(f)(1) is that subsection (a) must apply to the defendant. Subsection (a) of 18 U.S.C. § 2257 applies to:

> Whoever produces any book, magazine, periodical, film, videotape, digital image, digitally- or computer-manipulated image of an actual human being, picture, or other matter which—
> (1) contains one or more visual depictions made after November 1, 1990, of actual sexually explicit conduct; and
> (2) is produced in whole or in part with materials which have been mailed or shipped in interstate or foreign commerce, or is shipped or transported or is intended for shipment or transportation in interstate or foreign commerce[.]

Because the elements of § 2257(a) are critical and necessary for a judgment against a defendant under § 2257(f)(1), Francis and Mantra's guilty pleas collaterally estop them from denying any of the essential elements of § 2257(a) and (f)(1)in this litigation. *See Precision Air Parts* at 1501.

---

[1] Defendants have not argued that these guilty pleas were not based on the incident involving Plaintiff B that is the subject of this action. Pursuant to N.D. Fla. Loc. R. 56.1 "all material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party." Great deference is given to a district court's interpretation of its local rules, and will only be reviewed for an abuse of discretion. *Mann v. Taser Intern. Inc*, 588 F. 3d 1291, 1302 (11th Cir. 2009).

Defendant Mantra also pled guilty in federal court to violating 18 U.S.C. § 2257(f)(4), which provides in pertinent part:

> It shall be unlawful . . . for any person knowingly to sell or otherwise transfer, or offer for sale or transfer, any book, magazine, periodical, film, video, or other matter . . . shipped interstate or foreign commerce . . . which –
> (A) contains one or more visual depictions . . . of actual sexually explicit conduct; and
> (B) . . . is shipped or transported or is intended for shipment or transportation in interstate or foreign commerce;
> which does not have . . . a statement describing where the records required by this section may be located [.]

Because the elements of § 2257(f)(4) are critical and necessary for a judgment against a defendant under § 2257(f)(1), Mantra's guilty plea collaterally estops it from denying any of the essential elements of § 2257(f)(4) in this litigation. *See Precision Air Parts* at 1501.

### 2. Plaintiffs' Claims in Count I

Plaintiff B moves for summary judgment on Count I for sexual exploitation under 18 U.S.C. § 2251(a), § 2252(a)(1), and § 2252(a)(3)(B).

### **18 U.S.C. § 2251(a)**

Section 2251(a) provides in pertinent part:

[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished . . . if such visual depiction has actually been transported or transmitted using any

means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Thus, the elements of § 2251(a) that must be proven are: (1) the defendant employs, uses, persuades, induces, entices, or coerces (2) a minor (3) to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and (4) such depiction has been transported in interstate or foreign commerce.

Defendants admit that Plaintiff B was paid for her actions. (Doc. 359). Payment is sufficient to prove the first element of § 2251(a). *See U.S. v. Pierson*, 544 F.3d 933, 938 (8th Cir. 2008). It is also not disputed by either party that Plaintiff B was a minor during the relevant time. Therefore the first and second elements are proven.

Plaintiffs claim that the remaining third and fourth elements are proven through collateral estoppel. The essential elements of Defendants Francis' and Mantra's guilty pleas to § 2257(f)(1) include that the films they produced contained sexually explicit conduct and that they were transported in interstate or foreign commerce. Therefore, through the doctrine of collateral estoppel the third and fourth elements of § 2251(a) are conclusively established. Summary judgment is granted for Plaintiff B against Defendants Francis and Mantra on the issue of liability under § 2251(a).

## 18 U.S.C. § 2252(a)(1)

Section 2252(a)(1) provides in pertinent part:

> Any person who—
> (1) knowingly transports or ships using any means for facility of interstate or foreign commerce or in affecting interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—
> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> (B) such visual depiction is of such conduct . . . shall be punished [.]

Thus, the elements of § 2252(a)(1) that must be proven are: (1) the defendant knowingly transports in interstate or foreign commerce (2) a visual depiction of a minor (3) engaging in sexually explicit conduct. None of the parties dispute that Plaintiff B was a minor at the time she was filmed, therefore the second element is proven.

Plaintiffs claim that the first and third elements are proven through collateral estoppel. The essential elements of Defendants Francis and Mantra's guilty plea to § 2257(f)(1) include that the films they produced contained sexually explicit conduct and that they were transported in interstate or foreign commerce. Therefore, through the doctrine of collateral estoppel the first and third elements of § 2252(a)(1) are conclusively established. Summary judgment is granted for

Plaintiff B against Defendants Francis and Mantra as to liability under § 2252(a)(1).

## 18 U.S.C. § 2252(a)(3)(B).

Section 2252(a)(3)(B) provides in pertinent part:

> Any person who . . . knowingly sells or possesses with intent to sell any visual depiction that . . . has been shipped or transported in or affecting interstate or foreign commerce . . . if—
>     (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>     (ii) such visual depiction is of such conduct . . . shall be punished[.]

Thus, the essential elements under § 2252(a)(3)(B) are that the defendant (1) sell (2) a visual depiction that has been transported in interstate or foreign commerce (3) that involves a minor (4) engaging in sexually explicit conduct. None of the parties dispute that Plaintiff B was a minor at the time she was filmed, therefore the third element is proven.

Plaintiffs claim that the remaining elements are proven through collateral estoppel. The essential elements of Defendants Francis and Mantra's guilty plea to § 2257(f)(1) include that the films they produced contained sexually explicit conduct and that they were transported in interstate or foreign commerce. Therefore, through the doctrine of collateral estoppel the second and fourth elements of § 2252(a)(1) are conclusively established by Defendants guilty pleas to § 2257(f)(1).

The essential elements of Defendant Mantra's guilty plea to § 2257(f)(4) include that the defendant "sell or otherwise transfer" the film. Therefore, through the doctrine of collateral estoppel the first element of § 2252(a)(3)(B) is conclusively established against Mantra by its guilty plea to § 2257(f)(4).

Summary judgment is granted for Plaintiff B against Defendant Mantra as to liability under § 2252(a)(3)(B). Summary judgment is granted for Plaintiff B against Defendant Francis as to the second, third, and fourth elements of § 2252(a)(3)(B) as described above, but denied as to the first element of § 2252(a)(3)(B) which requires the defendant sell or possess with intent to sell the visual depiction. Summary judgment is also denied as to damages. The issue of appropriate damages under 18 U.S.C. § 2255 remains for determination by the jury.

### B. Count III

Summary judgment on Count III is denied as moot.

### C. Count IV

Count IV is a RICO action brought by Plaintiffs B and V under Chapter 772 of Florida Statutes. The alleged predicate acts by defendants are violations of Fla. Stat. § 777.011, § 796.03, and § 827.071(2) and (3). In previous Florida state criminal proceedings, Defendant Francis entered a no contest plea that included

two counts of prostitution in violation of Fla. Stat. § 796.07(2)(f). (Doc. 336-2, Exhibit H). One of these counts was based upon the incident that occurred with Plaintiff V. Doc. 336-2,. 336-5.[2]

It is true that generally in federal court, judgments based on <u>federal</u> no contest pleas are not given the same collateral estoppel effect as those based on federal guilty pleas. *Blohm v. C.I.R.*, 994 F. 2d 1542, 1554 (11th Cir. 1993). However, the Eleventh Circuit has made clear that federal courts are required to give preclusive effect to a <u>state</u> court judgment whenever the courts of the state from which the judgment emerged would do so. *Webb v. Ethridge*, 849 F.2d 546, 549 (11th Cir. 1988). I must therefore look to the operation of the Florida law of collateral estoppel in evaluating the preclusive effect of Francis' no contest plea. *See id.*

Florida Statute § 772.14 provides in pertinent part:

[a] final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter, or in any criminal proceeding under chapter 895, shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.

Under Florida law, which I must apply, a defendant who is adjudicated guilty pursuant to a plea of no contest in a criminal prosecution is collaterally estopped from defending against a Chapter 772 civil claim that is based on the same conduct

---

[2] *See* note 1, *supra*. Again, Defendants have not argued that this guilty plea was not based on the incident involving Plaintiff V that is the subject of this action.

that resulted in the prior criminal charges. *Starr Tyme, Inc. v. Cohen,* 659 So. 2d 1064, 1066 (Fla. 1995). However, as in federal law, a defendant is estopped only as to matters that necessarily were decided in favor of the State in the prior proceeding. *Id.* at 1068.

Francis was adjudicated guilty in Florida under Fla. Stat. § 796.07(2)(f). Section 796.07(2)(f) provides, in pertinent part, that it is unlawful to "solicit, induce, entice, or procure another to commit prostitution, lewdness, or assignation." Because this adjudication was based on the same conduct that forms the basis of the current civil cause of action brought under Chapter 772, under Florida law Defendant Francis is collaterally estopped from defending against any of the elements of Fla. Stat. § 796.07(2)(f). *See Starr Tyme* at 1066.

## **Plaintiff V**

In Count IV Plaintiff V alleges that Defendant Francis unlawfully procured her for prostitution in violation of Fla. Stat. § 796.03. Section 796.03 provides in pertinent part "a person who procures for prostitution, or causes to be prostituted, any person who is under the age of 18 years commits a felony of the second degree." Thus, the elements of section § 796.03 are the defendant (1) procures for prostitution (2) a person under the age of 18.

There is no dispute between the parties that Plaintiff V was under 18 at the time of the incident, therefore the second element is proven. Plaintiffs claim the

remaining element is proven by collateral estoppel. The statute Francis pled guilty to in state court, § 796.07(2)(f), includes the element of procuring Plaintiff V into prostitution. Therefore, through the doctrine of collateral estoppel the first element of Fla. Stat. § 796.03 is conclusively established. Summary judgment is granted for Plaintiff V against Defendant Francis on Count IV as to the predicate act of violating Fla. Stat. § 796.03.

### Plaintiff B

The remaining allegations of predicate acts in Count IV are of violations of Florida Statutes § 827.071 and § 796.03 involving Plaintiff B. The elements conclusively established by Defendants Francis and Mantra's pleas to 18 U.S.C. § 2257, the pleas related to the incident with Plaintiff B, are similar but not identical to the elements of Florida Statutes § 827.071 and § 796.03. Section 827.071 includes the element of a "sexual performance" which is not exactly identical to the element of "sexually explicit conduct" conclusively established under § 2257. Florida Statute § 796.03 involves procurement of a minor into prostitution, which has entirely different elements than 18 U.S.C. § 2257, which involves visual depictions of sexually explicit conduct. Thus, Defendants are not collaterally estopped from defending against the allegations in Count IV in regards to Plaintiff B.

The additional RICO elements, although discussed in the written plea agreements in both federal and state court, were not essential elements to the federal and state crimes Defendants pled to. Therefore, Defendants are not collaterally estopped from disputing those elements. The remaining allegations of predicate acts in Count IV involving Plaintiff B, as well as the other elements of the RICO action, remain to be determined by the jury.

## IV. CONCLUSION

**IT IS ORDERED:**

1. Summary judgment is granted for Plaintiff B against Defendant Mantra as to liability in Count I for sexual exploitation under 18 U.S.C. § 2251, § 2252(a)(1), and § 2252(a)(3)(B).

2. Summary judgment is granted for Plaintiff B against Defendant Francis as to liability in Count I for sexual exploitation under 18 U.S.C. § 2251 and § 2252(a)(1).

3. Summary judgment is granted for Plaintiff B against Francis as to the elements of sexually explicit conduct and interstate commerce under 18 U.S.C. § 2252(a)(3)(B) in Count I, but denied as to the element of sale under § 2252(a)(3)(B) and damages under 18 U.S.C. § 2255.

4. Summary judgment is granted for Plaintiff V against Defendant Francis in Count IV as to the predicate act of violating Fla. Stat. § 796.03.

5. The remainder of Plaintiffs' motion for summary judgment is denied.

**ORDERED** on February 5, 2010.

                **/s/ Richard Smoak**
                **RICHARD SMOAK**
                **UNITED STATES DISTRICT JUDGE**