Christopher R. Pantel Esq. (SBN 256569)
BASSI, EDLIN, HUIE & BLUM LLP
333 S. Hope Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 406-2956
Facsimile: (213) 652-1992

Attorneys for Defendants
JOSEPH R. FRANCIS; MRA HOLDINGS, LLC; MANTRA FILMS, INC.; and AERO FALCONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

PANAMA CITY DIVISION

| | |
|---|---|
| PLAINTIFF B; PLAINTIFF J; PLAINTIFF S; and PLAINTIFF V, <br><br> Plaintiffs, <br><br> vs. <br><br> JOSEPH R. FRANCIS; MRA HOLDINGS, LLC; MANTRA FILMS, INC.; and AERO FALCONS, LLC, <br><br> Defendants. | N.D. Fla. CASE NO. 5:08-cv-79/RS-AK <br><br> DEFENDANT MRA HOLDINGS, LLC, MANTRA FILMS, INC. and AERO FALCONS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |

I. INTRODUCTION

Defendants MRA HOLDINGS, LLC, MANTRA FILMS, INC., and AERO FALCONS, LLC (the "Corporate Defendants"), by and through counsel, oppose Plaintiffs' Motion for Default Judgment (the "Motion"). The Motion is based solely on the Corporate Defendants' prior lack of counsel. The Corporate Defendants have now obtained counsel, and such counsel appeared in this instant action on September 27, 2010.

Further, the time it took Corporate Defendants to obtain counsel was not intended to delay these proceedings. Indeed, despite the Corporate Defendants' diligent efforts, no agreement with local Florida counsel could be reached prior to this Honorable Court's

227428

1

September 10, 2010 deadline. In light of the appearance of counsel on September 27, 2010, however, this Honorable Court should, in its discretion, deny the Motion as moot.

## II. ARGUMENT

The Motion should be denied for the following reasons:

- Generally, a default judgment is the most severe in the spectrum of sanctions provided by statute or rule and it is disfavored, absent a serious showing of willful default, because a default serves to deny a party its fair day in court;

- Here, this Honorable Court has discretion to deny the Motion, and should do so because the Corporate Defendants, far from being in willful default, conducted an extensive (and to date unsuccessful) effort to retain local Florida counsel both prior to and after the expiration of this Honorable Court's September 10, 2010 deadline;

- Unable to retain local counsel in time, the Corporate Defendants retained California counsel, which counsel gained admission to the Bar of this Court on Friday, September 24, 2010, and filed a Notice of Appearance on Monday, September 27, 2010; and

- The delay in obtaining counsel was **not** intended to hinder the proceedings, or inconvenience the parties or this Honorable Court.

### A. Entry of Default is Not Warranted.

This Honorable Court should decline to enter a default judgment as against the Corporate Defendants. A default judgment is "the most severe in the spectrum of sanctions provided by statute or rule...." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1977). Though plaintiffs request a severe sanction, this Court has discretion and need not rubber-stamp the Motion:

> The disposition of motions for entries of defaults
> and default judgments and relief from the same
> under Rule 55(c) are left to the sound discretion of
> the district court because it is in the best position to
> assess the individual circumstances of a given case

227428

and to evaluate the credibility and good faith of the parties.

Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993) (citing Action S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir. 1991)).

Indeed, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp., supra, 10 F.3d at 96; accord Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957) ("general principles cannot justify denial of a party's fair day in court except upon a serious showing of **willful default**.") (emphasis added).

Here, the Corporate Defendants have not shown the kind of willful default contemplated by Gill, supra, for a default to issue. In fact, the opposite is true. Corporate Defendants continue their extensive and diligent search to obtain local counsel, which includes, *inter alia*, inquiries through the local bar association and the Florida Bar Referral Service. To date, Corporate Defendants are not able to obtain local counsel.[1]

Notwithstanding these difficulties, the Corporate Defendants did not remain idle. In compliance with the Order of this Honorable Court, they retained California counsel who gained admittance to the Bar of this Court on September 24, 2010. Qualification to file on this Court's ECF system followed on September 27, 2010, and on that date counsel filed a Notice of Appearance on behalf of all Defendants herein, including the Corporate Defendants. Since the Corporate Defendants have not evinced the "serious showing of willful default" enumerated in the case law, any doubt should be resolved in their favor. The Motion should be denied.

**B.   The Delay Was Not Intended to Hinder these Proceedings.**

Delay in obtaining counsel was not for purposes of hindering the proceedings or inconveniencing the parties or this Honorable Court. Indeed, given the current stayed posture of

---

[1] Typifying the unyielding difficulty Corporate Defendants continue to encounter in their quest for local counsel is what occurred on September 10, 2010, this Court's deadline. One Florida attorney, after two days of substantive negotiation with Corporate Defendants, with the final hour of the filing deadline fast approaching, suddenly introduced a ***truly astronomical*** retainer into the talks, which non-negotiable retainer was required before he/she would file a Notice of Appearance.

227428

the case, pending the decision from the 11th Circuit, the Corporate Defendants' delay until September 27, 2010 should not be considered sufficient grounds for entry of default.

### III. CONCLUSION

The Corporate Defendants are now represented by counsel in this litigation. Entry of a default judgment at this stage would deprive them of their rightful fair day in court. This Honorable Court, in its discretion, should decline to default the Corporate Defendants. Such an outcome allows trial to go forward based on the merits of the case.

Date:  September 30, 2010.

BASSI, EDLIN, HUIE & BLUM LLP

By: _____
CHRISTOPHER R. PANTEL
Attorneys for Defendants
JOSEPH R. FRANCIS; MRA HOLDINGS, LLC; MANTRA FILMS, INC.; and AERO FALCONS, LLC

227428