IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PLAINTIFF B; PLAINTIFF J;
PLAINTIFF S; and PLAINTIFF V,

    Plaintiffs,

vs.                                                   CASE NO. 5:08-cv-79/RS-GRJ

JOSEPH R. FRANCIS; MRA HOLDINGS,
LLC; MANTRA FILMS, INC.; and AERO
FALCONS, LLC,

    Defendants.
_____/

## ORDER

Before me is the opinion of the Eleventh Circuit (Doc. 533), which vacates the Order dated February 5, 2010 (Doc. 419).

<u>Plaintiffs J and S</u>

Pursuant to the mandate of the Eleventh Circuit (Doc. 533), I now reconsider Plaintiffs' motion for anonymity as it pertains to Plaintiffs J and S. Although the conduct of Plaintiffs J and S exposing their breasts on film is not "sexual conduct" as a matter of law,[1] upon reconsideration I find that it is still a matter of the "utmost intimacy" under the test set forth in *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707 (5th Cir. 1979). Despite the

---
[1] *See* Fla. Stat. §827.071; *see also* Doc. 400 at 4-5.

1

fact that Plaintiff J and S's conduct was not per se sexual, the footage of their actions has been combined in this case with footage of others engaged in graphic sexual activity and marketed as sexual. I have also considered Plaintiff J and S's young ages at the time they were filmed: 13 and 15 years old, respectively. In addition, their claims will be tried alongside Plaintiff B and V, and therefore Plaintiffs J and S may be linked to the more explicit sexual activity alleged by Plaintiffs B and V. Due to these factors and the highly public nature of this case and the Girls Gone Wild films, Plaintiffs J and S would be required to disclose information of the utmost intimacy through their testimony and evidence regarding the exposure of their breasts at a young age. Therefore, the January 13, 2009, protective order (Doc. 88) shall remain in place as to Plaintiffs J and S, and they shall continue to proceed under pseudonyms.

## Plaintiffs B and V

Pursuant to the mandate of the Eleventh Circuit (Doc. 533), Plaintiffs' motion to remain anonymous at trial (Doc. 378) is granted as to Plaintiff B and Plaintiff V. Accordingly, Plaintiff B and Plaintiff V's "identifying information" as defined in the January 13, 2009, protective order (Doc. 88) shall remain confidential and they shall continue to proceed under pseudonyms.

Therefore, the protective order (Doc. 88) remains in place and all Plaintiffs shall proceed to trial anonymously. They shall be identified at trial only by the letters they have been assigned. No party shall disclose, whether through exhibits, testimony, or questioning of the witnesses, any identifying information about the Plaintiffs, as defined in the protective order. (Doc. 88 ¶1). Pursuant to the protective order, any party who violates the protective order shall be liable for damages caused and sanctioned in an amount to be determined by the Court. (Doc. 88 ¶8)

## Prior Restraint

The protective order in this case is directed only at the parties and their attorneys, not to the press. Because it contains no threat of sanctions against the press, it does not constitute a prior restraint. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559, 96 S.Ct. 2791, 2803 (1976). Furthermore, this ruling is not intended to control the dissemination of any information the press might learn outside of these proceedings. Plaintiffs have not requested such drastic relief, and to do so would likely be an invalid prior restraint on speech. *See Florida Star v. B.J.F.,* 491 U.S. 524, 109 S.Ct. 2603 (1989).

**IT IS ORDERED:**

1. The Order dated February 5, 2010, (Doc. 419) is **vacated**.

2. Plaintiff's motion to proceed anonymously (Doc. 378) is **granted**.

3. The protective order (Doc. 88) shall remain in place for the duration of this case.

**ORDERED** on March 2, 2011.

                                     **/s/ Richard Smoak**
                                     **RICHARD SMOAK**
                                     **UNITED STATES DISTRICT JUDGE**