IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**PLAINTIFF B; PLAINTIFF J;
PLAINTIFF S; and PLAINTIFF V,**

    Plaintiffs,

vs.                                               CASE NO. 5:08-cv-79/RS-GRJ

**JOSEPH R. FRANCIS; MRA HOLDINGS,
LLC; MANTRA FILMS, INC.; and AERO
FALCONS, LLC,**

    Defendants.
_____/

## DEFAULT JUDGMENT AGAINST DEFENDANTS MRA HOLDINGS, LLC, MANTRA FILMS, INC., and AERO FALCONS, LLC

Background

Trial was initially scheduled in this case for February 22, 2010. (Doc. 346). However, the case was stayed and trial continued upon Plaintiffs' filing of an interlocutory appeal. (Doc. 439). Shortly after the case was stayed, Defendants' attorney moved to withdraw from the case. (Doc. 459). After receiving no response from Defendants, I granted defense counsel's motion to withdraw on March 10, 2010. (Doc. 475). In that order I instructed Defendants that corporations could not proceed pro se and were required to be represented by counsel. (Doc. 475). I also informed Defendants that a corporation's failure to

1

appear by counsel could result in a default judgment. (Doc. 475). I set a deadline of April 7, 2010, for the corporate Defendants to cause appearance of new counsel.

Defendants failed to comply with the instructions in the March 10, 2010, order. (Doc. 475). On April 21, 2010, I ordered Defendants to show cause not later than May 12, 2010, why a default judgment should not be entered against them for failure to comply with the March 10, 2010, order. (Doc. 488). I again advised the corporate Defendants that they must be represented by counsel and could not proceed pro se (Doc. 488).

On May 11, 2010, Defendant Francis entered an appearance on behalf of himself, and requested an additional thirty days to secure counsel for the corporate defendants. (Doc. 490). I granted Defendant's request and instructed the corporate Defendants to cause new counsel to file a notice of appearance not later than June 10, 2010. (Doc. 491). I again reminded Defendants that a corporation must be represented by counsel and that failure to appear by counsel would result in a default judgment against the corporate Defendants. (Doc. 491). I also advised Defendants that trial would not be continued in the event that Defendants failed to cause appearance of counsel by the June 10, 2010, deadline. (Doc. 491).

On June 10, 2010, Defendant Francis again moved for an additional thirty days to secure counsel for himself and the corporate Defendants. (Doc. 499). On

June 11, 2010, I granted Defendants' motion and allowed them an additional thirty days to secure counsel. (Doc. 500).

On July 9, 2010, Defendant Francis requested an additional thirty-day extension to secure counsel for himself and the corporate Defendants. (Doc. 503). On July 13, 2010, I granted a sixty-day extension, and instructed Defendants to cause new counsel to file a notice of appearance not later than September 10, 2010. (Doc. 504). I informed Defendants that this would be the final extension granted to Defendants as they had already had months to secure counsel and had already received two thirty-day extensions. (Doc. 504). I again advised the corporate Defendants that they could not proceed pro se and that a default judgment would be entered against them if they failed to cause the appearance of new counsel. (Doc. 504).

Defendants did not cause new counsel to appear by the September 10, 2010, deadline. On September 17, 2010, Plaintiffs moved for a default judgment against the corporate Defendants. (Doc. 512). However, on September 27, 2010, counsel filed a notice of appearance on behalf of Defendants (Doc. 513) and on September 30, 2010, filed a memorandum in opposition to the motion for default judgment (Doc. 514). I denied Plaintiff's motion for default judgment. (Doc. 515).

On December 27, 2010, defense counsel filed a motion to withdraw (Doc. 522). Defense counsel provided notice to Defendants of its intent to withdraw

(Doc. 522-4). After the response deadline passed with no response from Plaintiffs or Defendants, I granted defense counsel's motion to withdraw on January 18, 2011. (Doc. 525). I instructed the corporate Defendants to cause new counsel to file a notice of appearance not later than February 24, 2011. I advised Defendants (for the fifth time) that they must be represented by counsel and cannot proceed pro se. (Doc. 525). I informed Defendants that trial would not be continued in the event that Defendants failed to cause the appearance of new counsel or new counsel was not prepared to proceed with trial. (Doc. 525).

The Eleventh Circuit issued their opinion in Plaintiffs' appeal on February 2, 2011. *Plaintiff B v. Francis,* 2011 WL 294272 (11th Cir. 2011). Defendants failed to cause the appearance of new counsel by the February 24, 2011, deadline. I issued a show cause order to the corporate Defendants on February 25, 2011, instructing them to show cause by March 15, 2011, why a default should not be entered against them for failure to cause the appearance of new counsel. Jury trial was scheduled for March 28, 2011, the fourth full week of March--the month following the date the decision was rendered by the Eleventh Circuit. (Doc. 531). Defendants did not show cause why they failed to retain counsel but instead Defendant Francis moved to continue the trial (Doc. 543), which I denied (Doc. 544). Other than the motion to continue trial (Doc. 543), which was filed by Defendant Francis, not the corporations, and provided no valid explanation for the

failure to obtain counsel (*see* Doc. 544), Defendants did not respond to the show cause order. Thus, Defendants failed to show cause by March 15, 2011, why a default should not be entered against them. Furthermore, Defendants failed to appear at the March 15, 2011, pretrial conference as required by the pretrial order (Doc. 158) and the order denying Defendants' motion to continue (Doc. 544).

<u>Failure to Appear by Counsel & Comply with Court Orders</u>

The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)(citing *Commercial and Railroad Bank of Vicksburg v. Slocomb,* 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *In re K.M.A., Inc.,* 652 F.2d 398 (5th Cir. Unit B. 1981); *Southwest Exp Co. v. I.C.C.,* 670 F.2d 53 (5th Cir. 1982)); *see also F.T.C. v. Gem Merchandising Corp.*, 1995 WL 623168 *1 (11th Cir. 1995). A default judgment may be entered when a corporation fails to appear by counsel. *See Grace v. Bank Leumi Trust Co. of NY,* 443 F.3d 180, 192 (2d Cir. 2006).

Defendants have been on notice since March 10, 2010, that they were required to obtain counsel and that a default judgment could be the consequence of failing to comply. (Doc. 475). I warned Defendants an additional four times over the course of the past year that they were required to retain counsel and that failure to do so could result in a default. (Doc. 488, Doc. 491, Doc. 504, Doc. 525).

When Defendants still failed to comply with these orders and appear by counsel, I issued a show cause order allowing Defendants an opportunity to show why the sanction of a default judgment was not deserved. (Doc. 530). To date, Defendants have still not complied with the order to secure counsel and have failed to provide an acceptable excuse for their failure to comply. The failure of an artificial entity to obtain counsel, in violation of a court order or rule to do so, has repeatedly been held to support default judgment, even absent violations of other rules or orders. *See American Resources Insurance Company, Inc. v. Evoleno Company. LLC,* 2008 WL 4701350, * 3 (S.D. Ala. 2008)(citations omitted).

Failure to Appear at Pretrial Conference

Fed. R. Civ. P. 16(f)(1) provides that the court may sanction a party who fails to appear at a pretrial conference with any sanction authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii), including rendering a default judgment against the disobedient party. In addition, there is ample authority to uphold a district court's power to order entry of a default for failure to comply with court orders or rules of procedure, including the requirement of attendance at a pretrial hearing. *McGrady v. D'Andrea Electric, Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).[1]

---

[1] Pursuant to *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir.1981), the decisions of the Fifth Circuit before September 30, 1981 are binding precedent on all federal courts within the Eleventh Circuit.

Defendants have been on notice since May 22, 2009 (Doc. 158), that failure to appear at the pretrial conference could result in a default judgment against them. Defendants were again reminded of this requirement prior to the pretrial conference. (Doc. 544).

## Conclusion

Defendants have failed to comply with court orders, failed to appear by counsel as required by court order and the law, and failed to appear at the pretrial conference. Any one of these violations standing alone would be sufficient to warrant a default judgment against Defendants. *See Grace v. Bank Leumi Trust Co. of NY,* 443 F.3d 180, 192 (2d Cir. 2006); *McGrady v. D'Andrea Electric, Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970); *American Resources Insurance Company, Inc. v. Evoleno Company. LLC,* 2008 WL 4701350, * 3 (S.D. Ala. 2008)(citations omitted). Combined, Defendants' numerous violations demonstrate a flagrant and willful disregard of the rules of the court, and make plain that no lesser sanction than a default judgment is sufficient. Accordingly,

**IT IS ORDERED:**

1. The Clerk is directed to enter a default judgment against Defendants MRA Holdings, LLC, Mantra Films, Inc., and Aero Falcons, LLC.

2. Trial remains scheduled for March 28, 2011, on the issue of damages as to these Defendants.

**ORDERED** on March 16, 2011.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**