IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**Plaintiff B**, **Plaintiff J**, **Plaintiff S**,            )
and **Plaintiff V**,                                          )
                                                              )
       Plaintiffs,                                  )
                                                              )
                                                              )    Case No.  5:08cv79-RS-GRJ
v.                                                            )
                                                              )
JOSEPH R. FRANCIS; MRA                                        )
HOLDINGS, LLC, MANTRA FILMS                                   )
INC., and AERO FALCONS, LLC,                                  )
                                                              )
       Defendants.                                  )

## VERDICT

### COUNT I – SEXUAL EXPLOITATION-Plaintiff B

1. Liability has already been established against all Defendants.

2. What is the amount of damage, including physical injury, pain and suffering, mental anguish, shock and discomfort or any invasion of a personal right that Plaintiff B suffered as a result of Defendants' sexually exploiting Plaintiff B as a minor by featuring her in the Girls Gone Wild video series? If you find that Plaintiffs suffered injury as a result of Defendants sexually exploiting her then the minimum amount of damages against each Defendant shall be $50,000.00.

   Amount $ ─0─ _____  from Defendant Joseph Francis

   Amount $ ─0─ _____  from Defendant Mantra Films, Inc.

   Amount $ ─0─ _____  from MRA Holdings, LLC

   Amount $ ─0─ _____  from Defendant Aero Falcons, LLC

FILED IN OPEN COURT THIS
4/7/11
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- Plaintiffs B, J, S and V

1. Liability has already been established against Defendants Mantra Films Inc., MRA Holdings LLC, and Aero Falcons, LLC.

2. Does the greater weight of evidence demonstrate that Defendant Francis engaged in extreme and outrageous conduct, or behavior that goes beyond all possible bounds of decency and is regarded as shocking, atrocious, and utterly intolerable in a civilized community when Defendant Francis or anyone acting on his behalf (including independent contractors), filmed or produced or sold images of 13 year old Plaintiff J or 15 year old Plaintiff S or 16 year old Plaintiff V or 17 year old Plaintiff B flashing their breasts and/or Plaintiff B engaged in sexually explicit conduct, and/or when Defendant Francis coerced 16 year old V to masturbate him?

    Yes _X_      No _____

### A. Plaintiff J

3. Does the greater weight of the evidence demonstrate that Defendant Francis acted either with intent to cause emotional distress, or with reckless disregard of the high probability of causing emotional distress, when Defendant Francis or anyone acting on his behalf (including independent contractors), filmed or produced or sold the image of 13 year old Plaintiff J flashing her breasts?

    Yes _____      No _X_

4. Did Plaintiff J suffer emotional distress?

    Yes _____      No _X_

5. Does the greater weight of the evidence demonstrate that any of the Defendants' conduct is the legal cause of Plaintiff J's emotional distress? Legal cause is conduct which directly and in natural and continuous sequence produces, or contributes substantially to, producing Plaintiff J's emotional distress. In order to be regarded as a legal cause of severe emotional distress, extreme and outrageous conduct need not be the only cause. Extreme and outrageous conduct may be a legal cause of severe emotional distress even though it operates in combination with the act of another or some other natural cause if the extreme and outrageous conduct contributes substantially to producing such severe emotional distress.

Yes _____     No _X_

6. If your answer to 5 is "yes," what is the total amount of damage that Plaintiff J suffered? You should consider:

(a) Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life: any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in light of the evidence.

(b) Medical expenses: the reasonable value or expense of hospitalization and medical care and treatment necessarily or reasonably obtained by the Plaintiff in the past or to be so obtained in the future.

(c) Lost earnings/lost time/lost earnings capacity: any earnings or any work time lost in the past and any loss of ability to earn money in the future.

(d) Any aggravation of an existing disease or physical defect or activation of any latent condition resulting from the any of the Defendants' behavior. If you find there was such an aggravation, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the Defendants' behavior, then you should award damages for the entire condition suffered by the Plaintiff.

Amount $ _0_

**B.     Plaintiff S**

7.  Does the greater weight of the evidence demonstrate that Defendant Francis acted either with intent to cause emotional distress, or with reckless disregard of the high probability of causing emotional distress, when Defendant or anyone acting on his behalf (including independent contractors), filmed or produced or sold the image of 15 year old Plaintiff S flashing her breasts?

    Yes _____      No _X_

8.  Did Plaintiff S suffer emotional distress?

    Yes _____      No _X_

9.  Does the greater weight of the evidence demonstrate that any of the Defendant's conduct is the legal cause of Plaintiff S' emotional distress? Legal cause is conduct which directly and in natural and continuous sequence produces, or contributes substantially, to producing Plaintiff S' emotional distress. In order to be regarded as a legal cause of severe emotional distress, extreme and outrageous conduct need not be the only cause. Extreme and outrageous conduct may be a legal cause of severe emotional distress even though it operates in combination with the act of another or some other natural cause if the extreme and outrageous conduct contributes substantially to producing such severe emotional distress.

    Yes _____      No _X_

10. If your answer to 9 is "yes," what is the total amount of damage that Plaintiff S suffered? You should consider:

    (a)     Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life: any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in light of the evidence.

(b)    Medical expenses: the reasonable value or expense of hospitalization and medical care and treatment necessarily or reasonably obtained by the Plaintiff in the past or to be so obtained in the future.

(c)    Lost earnings/lost time/lost earnings capacity: any earnings or any work time lost in the past and any loss of ability to earn money in the future.

(d)    Any aggravation of an existing disease or physical defect or activation of any latent condition resulting from the Defendants' behavior. If you find there was such an aggravation, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the Defendants' behavior, then you should award damages for the entire condition suffered by the Plaintiff.

Amount $ ~~0~~

## C.    Plaintiff V

11.    Does the greater weight of the evidence demonstrate that Defendant Francis acted either with intent to cause emotional distress or with reckless disregard of the high probability of causing emotional distress when Defendant Francis or anyone acting on his behalf (including independent contractors), filmed the image of 16 year old Plaintiff V flashing her breasts and/or when Defendant Francis paid 16 year old Plaintiff V $50 to masturbate him?

Yes _____    No __X__

12.    Did Plaintiff V suffer emotional distress?

Yes _____    No __X__

13.    Does the greater weight of the evidence demonstrate that any of the Defendant's conduct is the legal cause of Plaintiff V's emotional distress? Legal cause is that conduct which directly and in natural and continuous sequence produces or contributes substantially to producing Plaintiff V's emotional distress. In order to be regarded as a legal cause of severe emotional distress, extreme and outrageous conduct need not be the only cause. Extreme and outrageous conduct may be a legal cause of severe

emotional distress even though it operates in combination with the act of another or some other natural cause if the extreme and outrageous conduct contributes substantially to producing such severe emotional distress.

Yes _____      No  X

14. If your answer to 13 is "yes," what is the total amount of damage that Plaintiff V suffered? You should consider:

(a) Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life: any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in light of the evidence.

(b) Medical expenses: the reasonable value or expense of hospitalization and medical care and treatment necessarily or reasonably obtained by the Plaintiff in the past or to be so obtained in the future.

(c) Lost earnings/lost time/lost earnings capacity: any earnings or any work time lost in the past and any loss of ability to earn money in the future.

(d) Any aggravation of an existing disease or physical defect or activation of any latent condition resulting from the Defendants' behavior. If you find there was such an aggravation, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the Defendants' behavior, then you should award damages for the entire condition suffered by the Plaintiff.

Amount $ -0-

## D. Plaintiff B

15. Does the greater weight of the evidence demonstrate that Defendant Francis acted either with intent to cause emotional distress or with reckless disregard of the high probability of causing emotional distress when Defendant Francis or anyone acting on his behalf (including independent contractors),

filmed and produced and/or sold the image of 17 year old Plaintiff B engaged in sexually explicit conduct?

Yes _____ No __X__

16. Did Plaintiff B suffer emotional distress?

Yes _____ No __X__

17. Does the greater weight of the evidence demonstrate that any of the Defendants' conduct is the legal cause of Plaintiff B's emotional distress? Legal cause is conduct which directly and in natural and continuous sequence produces or contributes substantially to producing Plaintiff B's emotional distress. In order to be regarded as a legal cause of severe emotional distress, extreme and outrageous conduct need not be the only cause. Extreme and outrageous conduct may be a legal cause of severe emotional distress even though it operates in combination with the act of another or some other natural cause if the extreme and outrageous conduct contributes substantially to producing such severe emotional distress.

Yes _____ No __X__

18. If your answer to 17 is "yes," what is the total amount of damage that Plaintiff B suffered? You should consider:

(a) Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life: any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in light of the evidence.

(b) Medical expenses: the reasonable value or expense of hospitalization and medical care and treatment necessarily or reasonably obtained by the Plaintiff in the past or to be so obtained in the future.

(c) Lost earnings/lost time/lost earnings capacity: any earnings or any work time lost in the past and any loss of ability to earn money in the future.

(d) Any aggravation of an existing disease or physical defect or activation of any latent condition resulting from the Defendants' behavior. If you find

there was such an aggravation, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the Defendants' behavior, then you should award damages for the entire condition suffered by the Plaintiff.

Amount $ ―0―

### Punitive Damages (Count II)

1. Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damage are warranted against:

   Defendant Joseph Francis         Yes ____    No  X
   
   Defendant Mantra Films, Inc.     Yes ____    No  X
   
   Defendant MRA Holdings, LLC      Yes ____    No  X
   
   Defendant Aero Falcons, LLC      Yes ____    No  X

2. As for each Defendant for whom you answered "yes" to question 1, what is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against that defendant? You should enter (0) as the amount of damages for any defendant for whom you have elected not to assess punitive damages.

   Amount $ ―0―   from Defendant Joseph Francis
   
   Amount $ ―0―   from Defendant Mantra Films, Inc.
   
   Amount $ ―0―   from MRA Holdings, LLC
   
   Amount $ ―0―   from Defendant Aero Falcons, LLC

8

## COUNT IV – (Fla. RICO)

1. Liability has already been determined against Defendants Mantra Films, Inc., MRA Holding LLC, and Aero Falcons, LLC on this count.

2. Did Defendant Francis or anyone working on behalf of Defendant Francis, including his representatives and independent contractors, take a motion picture of Plaintiff B while she was a minor engaged in sexual conduct?

    Yes  X        No _____

3. Did Defendant Francis or anyone working on behalf of the Defendant Francis, including his representatives and independent contractors, coerce minor Plaintiff B into prostitution by paying 17 year old Plaintiff B to engage in sexual activity?

    Yes _____        No  X

The Judge has already determined that Defendant procured minor Plaintiff V into prostitution when he paid her to masturbate him. This constitutes one of the criminal acts required to establish a pattern. A pattern requires two or more acts. If you find Defendant Francis committed either or both of the acts listed in questions 2 or 3 above, Defendant Francis has engaged in a pattern of criminal activity as well as the other Defendants, and you should proceed to questions 4 and 5. If your answer to both questions 2 and 3 is "no," then you should skip questions 4 and 5 and proceed to count V.

4. In what amount was Plaintiff B damaged by the pattern of criminal activity?

    Amount $  0

5. In what amount was Plaintiff V damaged by the pattern of criminal activity?

    Amount $  0

## COUNT V-COERCION INTO PROSTITUTION – Plaintiff B and Plaintiff V

### A. Plaintiff B

1. Liability has already been determined against Defendants Mantra Films, Inc., MRA Holding LLC, and Aero Falcons, LLC on this count.

2. Did Defendant Francis coerce Plaintiff B into prostitution when she was a minor by paying her to engage in sexual activity and/or engage in a pornographic performance?

    Yes _____    No _X_

3. Did any of the Defendants' conduct cause Plaintiff B injury? Legal cause is conduct which directly and in natural and continuous sequence produces or contributes substantially to producing Plaintiff B's injuries. In order to be regarded as a legal cause, Defendants' coercion into prostitution need not be the only cause of Plaintiff B's injuries. Defendants' coercing Plaintiff B into prostitution may be a legal cause of Plaintiff B's injuries even though it operates in combination with the act of another or some other natural cause if the coercion into prostitution contributes substantially to producing the injuries.

    Yes _____    No _X_

4. If your answer to questions 2 and 3 are "yes," what is the amount in which Plaintiff B was injured?

    Amount $ _0_

### B. Plaintiff V

5. Did Defendant Francis coerce Plaintiff V into prostitution when she was a minor when Defendant Francis paid her to masturbate him?

    Yes _____    No _X_

6. Did any of the Defendants' conduct cause Plaintiff V injury? Legal cause is conduct which directly and in natural and continuous sequence produces or contributes substantially to producing Plaintiff V's injuries. In order to be regarded as a legal cause, Defendants' coercion into prostitution need not be

10

the only cause of Plaintiff V's injuries. Defendants' coercing Plaintiff V into prostitution may be a legal cause of Plaintiff V's injuries even though it operates in combination with the act of another or some other natural cause if the coercion into prostitution contributes substantially to producing the injuries.

Yes _____    No  X

7. If your answers to questions 5 and 6 are "yes," what is the amount in which Plaintiff V was injured?

Amount $ 0

## Punitive Damages (Count V)

### A.   Plaintiff B

8. Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damage are warranted against:

   Defendant Joseph Francis          Yes _____   No  X
   
   Defendant Mantra Films, Inc.      Yes _____   No  X
   
   Defendant MRA Holdings, LLC       Yes _____   No  X
   
   Defendant Aero Falcons, LLC       Yes _____   No  X

9. As for each Defendant for whom you answered "yes" to question 8, what is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against that defendant? You should enter (0) as the amount of damages for any defendant for whom you have elected not to assess punitive damages.

   Amount $ 0 from Defendant Joseph Francis
   
   Amount $ 0 from Defendant Mantra Films, Inc.
   
   Amount $ 0 from MRA Holdings, LLC
   
   Amount $ 0 from Defendant Aero Falcons, LLC

11

**B.     Plaintiff V**

10.   Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damage are warranted against:

| | | |
|---|---|---|
| Defendant Joseph Francis | Yes _____ | No _X_ |
| Defendant Mantra Films, Inc. | Yes _____ | No _X_ |
| Defendant MRA Holdings, LLC | Yes _____ | No _X_ |
| Defendant Aero Falcons, LLC | Yes _____ | No _X_ |

11.   As for each Defendant for whom you answered "yes" to question 10, what is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against that defendant? You should enter (0) as the amount of damages for any defendant for whom you have elected not to assess punitive damages.

Amount $ __0__ from Defendant Joseph Francis

Amount $ __0__ from Defendant Mantra Films, Inc.

Amount $ __0__ from MRA Holdings, LLC

Amount $ __0__ from Defendant Aero Falcons, LLC

So say we all.

April __6__, 2011.

REDACTED
Jury Foreperson

12