## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**PLAINTIFF B; PLAINTIFF J;**
**PLAINTIFF S; and PLAINTIFF V,**

     **Plaintiffs,**

**vs.**                         **CASE NO. 5:08-cv-79/RS-GRJ**

**JOSEPH R. FRANCIS; MRA HOLDINGS,**
**LLC; MANTRA FILMS, INC.; and AERO**
**FALCONS, LLC,**

     **Defendants.**
_____/

## ORDER

Before me is Plaintiffs' motion for a new trial and/or to alter or amend the judgment as it relates to Defendant Joseph Francis (Doc. 624).

To grant a motion for new trial, a judge must find the verdict contrary to the great, not merely the greater, weight of the evidence. *Watts v. Great Atlantic and Pacific Tea Co., Inc.*, 842 F.2d 307, 310 (11th Cir. 1988). The district judge should not substitute his own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury. *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987). When there is some support for a jury's verdict, it is irrelevant what the district judge would have

concluded. *Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir. 1991).

Looking back on trials over the past thirty-eight years, I recall no other jury as attentive and conscientious as the jury in this case. The all-female jury spent hours deliberating until the early hours of the morning, and painstakingly completed a twelve-page verdict form answering a variety of interrogatories. (Doc. 613). It is clear from the verdict form that although the jury found that Defendant Francis did do some of the things Plaintiffs alleged, the jury concluded that none of the Plaintiffs were damaged by Defendant's actions because they awarded "$0" in damages for all counts. At trial, evidence was presented about other factors and circumstances in Plaintiffs' lives aside from Girls Gone Wild that could have also led to the injuries they claimed were caused by Defendant, thus providing the jury some grounds to find for Defendant. I decline to substitute my credibility choices and judgment for the reasonable choices and judgment of the jury. Because there was some support for the jury's verdict, it is irrelevant what I or anyone else would have decided, and a new trial is not warranted. *See Redd* at 1215.

Plaintiffs also argue that they are entitled to a new trial because they were prejudiced by the behavior of Defendant Francis. A district court's decision to grant a new trial based on prejudicial conduct or pernicious behavior is less likely

to constitute an abuse of discretion than the grant of a new trial based on some other ground, because the trial judge who is actually present at trial is best able to determine whether the proceeding has been "contaminated" by events outside the jury's control. *McWhorter v. City of Birmingham*, 906 F.2d 674, 677 (11th Cir. 1990). However, a new trial is not warranted on these grounds either.

There is no doubt that Francis's behavior at trial was far from ideal. To sum it up in a word, his behavior was childish. He had extreme difficulty sitting still, following directions, waiting his turn to speak, and speaking at the proper volume. He exhibited virtually no courtroom decorum. His cross-examination of the Plaintiffs, who were portrayed as victims in their direct examination, was extremely antagonistic, prompting me to warn Defendant several times that he was causing irreparable harm to his case in the eyes of the jury.[1] Quite simply, Mr. Francis handled his case in the exact opposite manner of what any rational attorney would do.

However, Mr. Francis was proceeding pro se, and his behavior was not unlike that of many other pro se parties in a courtroom. As a pro se party, Francis was entitled to some leniency toward his behavior. In addition, Francis only

---

[1] For example, during his cross-examination of Plaintiff S, I warned Francis:

> You have just destroyed yourself with this jury. You really need to stop, Mr. Francis. It is painful for me, for somebody who was proud of being a trial lawyer for years and years, to see somebody so self-destructive as you are being. Now you need to stop. You have thoroughly, thoroughly antagonized the women on that jury. You have thoroughly done it. I'm sitting there watching them. Now you need to stop for your own self interest.

Doc. 622 at 79.

represented himself during voir dire and the first two and a half days of trial.  On the third day of trial Francis retained counsel and did not return to the courtroom again.  The remainder and majority of the trial continued smoothly and without incident; therefore Francis's behavior had a minimal effect on the overall proceedings.

Furthermore, if Francis's behavior prejudiced any of the parties, it was not the Plaintiffs but the Defendants.  His behavior appeared to completely alienate the jury and, as I warned Mr. Francis numerous times, his antics must have caused serious damage to his case and credibility with the jury.[2]  Consistent with this assessment is the fact that although the Plaintiffs objected to some of Francis's actions at trial, they never moved for a mistrial.  In fact, Plaintiffs used Francis's irrational behavior to bolster their case by having their experts analyze it and referencing it in their closing argument, arguing to the jury that his behavior during the trial was that of a "predator in action."  *See* Doc. 619 at 74-80.  Thus, the proceedings were not so "contaminated" and prejudicial to Plaintiffs that a new trial is warranted.

Finally, Plaintiffs argue that they are entitled to a new trial because Plaintiffs' medical records were improperly discussed in Defendant's cross-examination of Plaintiffs' expert witness, Dr. Lebowitz.  However, FED. R. EVID.

---

[2] *See* note 1, *supra.*

705 clearly states than an expert witness may be required to disclose the underlying facts or data upon which she relied on cross-examination.  In addition, while FED. R. EVID. 703 provides that "[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the *proponent* of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect" (emphasis added), the advisory committee notes state that "[n]othing in this Rule restricts the presentation of underlying expert facts or data when offered by an adverse party." FED. R. EVID. 703 advisory committee's note.  Dr. Lebowitz testified that she reviewed the medical records of the Plaintiffs in preparing for the case.  *See* Doc. 619 at 96.  Thus, Defendants questioning of Dr. Lebowitz about those medical records was proper.  The issue of authentication of these records is not pertinent, as they were not admitted as substantive evidence.  Therefore, a new trial is not warranted on these grounds either.

Accordingly, Plaintiffs' motion for a new trial and/or to alter or amend the judgment as it relates to Defendant Joseph Francis (Doc. 624) is denied.

**ORDERED** on July 1, 2011.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**